STATE *ex rel.* HARLOW STOVER

*v.*

HON. W. A. RIFFE, JUDGE, *etc., et al.*

(No. 9770)

Submitted September 18, 1945. Decided October 30, 1945.

*Geo. W. Williams*, for petitioner.
*John Q. Hutchinson*, for respondents.

RILEY, JUDGE:

This is a proceeding in mandamus of the State at the relation of Harlow Stover, relator, against Honorable W. A. Riffe, Judge of the Circuit Court of Raleigh County, and Clay S. Crouse, Prosecuting Attorney of said County, respondents.

The prayer of the petition, in substance, is that the aforesaid Judge be commanded to accept and act upon information presented by relator's attorney regarding two former felony convictions against one Elmo Williams, having been convicted in said court of a third felony on the charge of grand larceny, and that he be commanded to proceed to sentence the accused to life imprisonment in conformity with Code, 61-11-19, as amended and reenacted by Chapter 31, Article 11, Section 18, Acts, West Virginia Legislature, 1943, or, if relator's attorney is not the proper party to present same, that said prosecuting attorney, acting under Code, 61-11-19, as amended and reenacted by Chapter 31, Article 11, Section 19, Acts, West Virginia Legislature, 1943, be commanded to furnish like information to said judge, and that the latter do then proceed to pronounce sentence as required by said Section 19.

It appears from the records filed with the petition that Elmo Williams was convicted and sentenced for a felony in 1942; that he was indicted on January 6, 1945,

for the murder of his wife (daughter of relator Stover), and on June 11, 1945, was indicted for grand larceny committed on the 9th day of June of the same year.

Upon arraignment June 23, 1945, on the charge of murder, the attorney for the State advised the court that he would not prosecute for murder in the first degree, and the charge of first degree was dismissed. Thereupon Williams entered his plea of guilty of murder in the second degree, and was found guilty upon his plea. An information was then presented by the prosecuting attorney setting forth the former conviction of 1942. The defendant, after being duly cautioned, acknowledged in open court that he was the same person mentioned in said information; and the Court, having determined that defendant had been previously so convicted, entered judgment that defendant be confined in the penitentiary for the "term and time prescribed by law being not less than five nor more than eighteen years. * * * And * * * that after the expiration of the maximum term of imprisonment of eighteen years herein imposed that he be further confined in said penitentiary for the additional term and period of five years."

On the same day (June 23, 1945,) and shortly after the foregoing proceeding, defendant was arraigned on the recent larceny charge, entered his plea of guilty, and was thereupon sentenced for such offense to a term in the penitentiary of one to ten years.

During the same term, to-wit, on the 18th day of July, 1945, George W. Williams, Esq., a practicing attorney, who had been previously employed to assist the State in the prosecution of defendant on the murder charge, presented his petition, duly verified, and asked leave to file the same. This petition, among other things, alleges that the said defendant, Elmo Williams, has been three times convicted in the United States for a crime punishable by confinement in a penitentiary and prays that the said defendant, Elmo Williams, be sentenced to confinement in the penitentiary for life, to the filing of which

petition defendant by counsel objected. After mature consideration, the court rejected said petition, to which ruling counsel for the relator objected and expected. Thirty days were allowed for said George W. Williams to apply to this Court for the present rule in mandamus.

The sole issue raised on the demurrer to the petition and the separate answers of the judge and the prosecuting attorney, is whether there was in reality a third offense within the contemplation of said Section 18, Article 11, Chapter 31, Acts 1943.

The relator, in brief, confines his argument solely to the requirements of Section 19, heretofore referred to, and insists that, after the plea of guilty to the larceny charge it was, and still is, the duty of the prosecuting attorney under said section to report the two previous convictions for felony, to-wit, larceny (1942) and murder in the second degree. The prosecuting attorney, however, contends that the case presented does not fall within the provisions of Section 18, commonly known as the "habitual criminal" statute.

We can conceive of a situation wherein a person is convicted of three felonies at one term of court. If the relator's position should be carried to its ultimate conclusion, the trial court, under Section 18, would be required to sentence such person to life imprisonment in the penitentiary. The statute, as we read it, does not envision any such result. Its purpose is to deter a person from future violations. 25 Am. Jur., Habitual Criminals, Section 12, Note 6. Also see generally Underhill's Crim. Ev. (4th Ed.), Section 822, page 1491. In the instant case we have a situation where the felony upon which the third conviction was made, was committed prior to the plea of guilty and sentence on the murder charge, the second offense committed in point of time. The public policy underlying the enactment of Sections 18 and 19 would not be served by the imposition of a life sentence under the provisions of said sections. While a prosecuting attorney, in a proper case, may be required

to present the information, as required by Section 19, if request therefor is timely made, we think that this case does not lend itself to the imposition of a life sentence on the basis of a third conviction for a felony, either by the trial court under Sections 18, 19, Article 11, Chapter 31, Acts, West Virginia Legislature, 1943, or by the Circuit Court of Marshall County on the information of the warden of the penitentiary under Code, 62-8-4, as amended and reenacted by Chapter 23, Article 8, Section 4, Acts, West Virginia Legislature, 1939.

The writ prayed for is refused.

*Writ denied.*