STATE *ex rel.* NATHAN JOHNSON

v.

OREL J. SKEEN, *Warden, Etc.*

(No. 10720)

Submitted April 12, 1955.   Decided May 31, 1955.

*Harry G. Camper, Jr., Lynn C. Johnson,* for relator.

*John G. Fox,* Attorney General, *Harold A. Bangert, Jr.,* Assistant Attorney General, for respondent.

RILEY, JUDGE:

The relator, Nathan Johnson, filed his petition in this Court, praying that a writ of *habeas corpus ad subjiciendum* be granted to him, directed to Orel J. Skeen, Warden of the West Virginia penitentiary, in which petition the relator prays that the warden show cause, if any he can, why relator is detained in the penitentiary, and not

delivered up and discharged; and further praying that the part of relator's sentence of imprisonment, which is alleged to be void, be nullified and set aside.

At the October, 1941, term of the Criminal Court of McDowell County, relator was indicted on a charge of malicious wounding, and entered a plea of not guilty to the charge. Subsequently, relator changed his plea of not guilty, as charged in the indictment, to one of guilty of unlawful wounding, and upon such plea the court sentenced relator to confinement in the penitentiary for an indeterminate period of not less than one year nor more than five years.

At the January, 1950, term of the Criminal Court of McDowell County, the relator was again indicted on a charge of malicious wounding, and entered his plea of not guilty thereto. Subsequently, a conference was held between the relator, his attorney, and the Prosecuting Attorney of McDowell County, at which conference it was agreed among the parties that relator would change his plea of not guilty, as charged in the indictment, to guilty of unlawful wounding, with the understanding that relator would be confined to the McDowell County jail for a fixed term of six months and fined fifty dollars and costs.

In reliance upon this agreement, relator so changed his plea, and was sentenced in accordance with the agreement by the court to confinement in the McDowell County jail for six months and fined fifty dollars and costs.

Later at the April, 1954, term of the Criminal Court of McDowell County, relator was indicted for murder and found guilty of murder of the second degree. Before sentence was imposed for relator's conviction of murder of the second degree, the Prosecuting Attorney of McDowell County gave information to the criminal court that relator had been twice convicted in the United States of a crime punishable by confinement in the penitentiary, and had been previously confined in the penitentiary, serving sentences on both prior convictions. Thereupon, the criminal court, acting upon the information of the Prosecuting Attorney of McDowell County and peti-

tioner's admission that he was the same person named in the information, sentenced the relator to the penitentiary for an indeterminate period of not less than five nor more than eighteen years; and further the court sentenced the petitioner, under the Habitual Criminal Act, contained in Code, 61-11-18 and 19, as amended and reenacted by Article 11, Chapter 31, Acts of the Legislature, Regular Session, 1943, to the penitentiary for the remainder of relator's natural life.

Notwithstanding the information given by the prosecuting attorney to the criminal court states that relator had been twice convicted and sentenced to the penitentiary, the order of the criminal court, entered on January 18, 1950, shows that the State of West Virginia, through the Prosecuting Attorney of McDowell County, waived the charge of malicious wounding, as charged in the indictment, and thereupon relator, having confessed to and pleaded guilty to the crime of unlawful wounding, as charged in the indictment, the court found the relator guilty as "by his confession he hath made", and sentenced relator to imprisonment in the jail of McDowell County for six months and assessed relator a fine of fifty dollars and costs.

It is on the basis of the last-mentioned order that relator takes the position in this proceeding that the part of relator's sentence in excess of the sentence of five to eighteen years for the conviction of second degree murder and five additional years for the conviction of unlawful wounding, had at the October, 1941, term of the Criminal Court of McDowell County, that is relator's sentence to the penitentiary for a life term, is void.

The pertinent provisions of the statute applicable to the decision of this case are embraced in Sections 18 and 19, Article 11, Chapter 31, Acts of the Legislature, 1943, which read:

> "Section 18. *Punishment for Second or Third Offense of Felony.*—When any person is convicted of an offense and is subject to confinement in the

penitentiary therefor, and it is determined, as provided in section nineteen of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

"When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

"Sec. 19. *Procedure in Trial of Persons for Second or Third Offense.*—It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. * * *."

Section 19 in express language does not disturb the provisions of Code, 62-8-4, as amended and reenacted by Section 4, Article 8, Chapter 23, Acts of the Legislature, Regular Session, 1939, which provides for the procedure in sentencing convicts, previously convicted and under confinement in the penitentiary to further confinement for second and third offenses.

That the sentences imposed upon relator at the October, 1941, term of the Criminal Court of McDowell County, and at the January, 1950, term of the Criminal Court of McDowell County were for unlawful assault appears from the record in this case. The crimes committed by relator, prior to the one for which he is now confined to the penitentiary, are felonies appears from Code, 61-2-9, the statute upon which relator's prior convictions were based, which provides, in part: "* * * If such act be done unlaw-

fully, but not maliciously, with the intent aforesaid, the offender shall be guilty of a felony, and, upon conviction, shall, in the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined to jail not exceeding twelve months, and fined not exceeding five hundred dollars." Likewise because the crimes for which relator was previously sentenced are punishable "by confinement in the penitentiary", the crimes are felonies within the classification of felonies contained in the general statute, Chapter 61, Acts of the Legislature, 1947; but determinative of the question at issue in this case is not whether relator prior to the conviction under which he is now confined was guilty of a felony, but whether prior convictions are punishable by confinement in the penitentiary.

It is contended by relator's counsel that as the sentence imposed on relator at the January, 1950, term of the Criminal Court of McDowell County was only for confinement in the McDowell County jail for a term of six months and a fine of fifty dollars and costs, the offense for which the relator was sentenced at the January, 1950, term of the Criminal Court of McDowell County, was not punishable as a second offense within the meaning of Section 18 of the applicable statute, for the reason that Section 19 provides that: "It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. * * *" This position necessarily assumes that Section 19 of the statute, which provides for the "Procedure in Trial of Persons for Second or Third Offense", supersedes or overrides the clear and express provisions of Section 18 of the statute, which deals solely with the substantive as distinguished from the adjective law governing the habitual criminal statute. In clear and in certain terms Section 18 provides that "When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted

in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life." This is contrary to the evident intent of the Legislature, in the enactment of Article 11, Chapter 31, Acts of the Legislature, Regular Session, 1943, amending and reenacting Code, 61-11-18, 19. Section 18 in its very terms is clear and explicit. It governs the substantive for additional sentences for habitual criminals, and section 19 provides only for the "Procedure in Trial of Persons for Second or Third Offense."

We simply hold that prior to the relator's conviction at the April, 1954, term of the Criminal Court of McDowell County for murder of the second degree, relator was twice convicted of crimes which, to use the language of Section 18 of the pertinent statute, are "punishable by confinement in a penitentiary."

We therefore discharge the writ heretofore awarded, and remand the relator to the Warden of the West Virginia penitentiary.

*Writ discharged.*