STATE OF WEST VIRGINIA

*v.*

RICHARD RAY MCMANNIS

(No. 13839)

Decided April 4, 1978.

*Oates & Saville, William J. Oates, Jr., and Royce B. Saville,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *David F. Greene,* Assistant Attorney General, for defendant in error.

McGRAW, JUSTICE:

This case is before the Court upon a writ of error to a final judgment of the Circuit Court of Hampshire County, entered on January 5, 1976, sentencing the defendant, Richard Ray McMannis, to life imprisonment under this state's habitual criminal statute, W.Va. Code, 61-11-18, 19.

Following defendant's conviction of grand larceny on November 6, 1975, the prosecutor filed an information and an amended information[1] pursuant to W.Va. Code, 61-11-19,[2] alleging the defendant was the same person who had been twice before convicted in the United States of crimes punishable by confinement in a penitentiary. A jury found the defendant was the same person who had been convicted of the offenses alleged in the amended information, and the trial court imposed a mandatory life sentence pursuant to W.Va. Code, 61-11-18.

Although several errors were assigned in the defendant's petition for a writ of error, including all errors on the face of the record, the defendant, in his brief, relies heavily on the theory that the sentencing court lacked jurisdiction to impose a life sentence under the habitual criminal statute, and therefore, such sentence is void. Because of the conclusion we reach on this issue, we decline to address the remaining assignments of error.

---

[1] The amended information averred two former convictions in the following language:

   A. That on the 1st day of May, 1970, the said Richard Ray McMannis was convicted of breaking and entering and stealing, a penitentiary offense, in the Circuit Court of Allegany County, Maryland.

   B. That on the 10th day of September, 1971, the said Richard Ray McMannis was convicted of grand larceny, a penitentiary offense, in the Circuit Court of Mineral County, West Virginia.

[2] W.Va. Code, 61-11-19, requires the filing of a written information by the prosecuting attorney, "setting forth the records of conviction and sentence, or convictions and sentences, as the case may be." We note that the amended information filed in the proceeding below does not set out the sentences of imprisonment previously imposed on the defendant, and therfore does not comport with requirements of the statute.

The defendant asserts that both of the offenses which formed the basis for the amended information were committed in February of 1970 before he was ever convicted of a felony offense, and consequently he argues that he sustained only one prior conviction for a penitentiary offense within the meaning of the habitual criminal statute as it has been interpreted by this Court.

While there is no evidence of record supporting the factual assertion that both prior felony convictions alleged in the amended information were committed in February of 1970, there is no evidence of record which contradicts this claim. And the amended information does not allege in what sequence the prior penitentiary offenses were committed.

The issue dispositive of this writ of error is whether a trial court has jurisdiction to impose a life sentence under the habitual criminal statute where the state fails to prove beyond a reasonable doubt that the penitentiary offenses on which the enhanced sentence is based were committed, with the exception of the first offense and conviction, after each preceding conviction and sentence. We hold that it does not.

We begin our analysis with the basic proposition, manifest from the decisions of this Court, that the jurisdiction of a circuit court to sentence a criminal defendant to confinement in the penitentiary in excess of the sentence prescribed for a conviction on the principal offense is derived exclusively from the habitual criminal statute, W.Va. Code, 61-11-18, 19. Syl. Pt. 2, *State ex rel. Robb v. Boles*, 148 W. Va. 641, 136 S.E.2d 891 (1964); *State ex rel. Cox v. Boles*, 146 W. Va. 392, 120 S.E.2d 707 (1961); *Shears v. Adams*, 145 W. Va. 250, 114 S.E.2d 585 (1960); *State ex rel. Browning v. Tucker*, 142 W. Va. 830, 98 S.E.2d 740 (1957); *Dye v. Skeen*, 135 W. Va. 90, 62 S.E.2d 681 (1950).

The principle controlling the disposition of this case had its genesis in *State ex rel. Stover v. Riffe*, 128 W. Va. 70, 35 S.E.2d 689 (1945). In that decision, the father of a murder victim sought a writ of mandamus to require the

judge of a trial court, under the present habitual criminal statute, to impose a sentence of life imprisonment upon a defendant who had been convicted of a third felony which had been committed before he was convicted of a second felony. Based on the public policy of deterrence underlying the habitual criminal statute, it was held that mandamus would not lie to compel imposition of a life sentence under the statute where the third conviction for a felony was for an offense which was committed prior to the second felony conviction. The syllabus of the Court states:

> A third conviction for a felony which was committed prior to a second felony conviction does not justify the imposition of a life sentence by a trial court under Code, 61-11-19 ... or by the Circuit Court of Marshall County on the information of the warden of the penitentiary under Code, 62-8-4. ...

The reasoning of the *Stover* court is best illustrated by this language from that opinion:

> We can conceive of a situation wherein a person is convicted of three felonies at one term of court. If the relator's position should be carried to its ultimate conclusion, the trial court, under Section 18, would be required to sentence such person to life imprisonment in the penitentiary. The statute, as we read it, does not envision any such result. Its purpose is to deter a person from future violations. [Citations omitted]. In the instant case we have a situation where the felony upon which the third conviction was made, was committed prior to the plea of guilty and sentence on the murder charge, the second offense committed in point of time. The public policy underlying the enactment of Sections 18 and 19 [the habitual offender statute] would not be served by the imposition of a life sentence under the provisions of said sections. *Id.* at 73, 35 S.E.2d at 690.

In post-*Stover* habeas corpus decisions, the Court has consistently held void, for lack of jurisdiction, a sentence imposed under the habitual criminal statute where a

defendant proved that the penitentiary offenses on which the enhanced sentence was based were not committed, with the exception of the first offense and conviction, after each preceding conviction. *State ex rel. Yokum v. Adams*, 145 W. Va. 450, 114 S.E.2d 892 (1960); syl. pt. 3, *State ex rel. Medley v. Skeen*, 138 W. Va. 409, 76 S.E.2d 146 (1953); *Dye v. Skeen, supra.*

None of those decisions, however, discussed the question of whether the State has the burden to allege and prove the jurisdiction of the trial court to impose a sentence in addition to the sentence of imprisonment for the principal offense, or whether the defendant has the burden to raise this issue as a matter of defense. We answer that question now and hold that the State has the burden of proving the trial court has jurisdiction to impose any enhanced sentence under the habitual criminal statute.

The teaching of our case law is that the primary purpose of the statute is to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense,[3] from committing subsequent felony offenses. The statute is directed at persons who persist in criminality after having been convicted and sentenced once or twice, as the case may be, on a penitentiary offense. If the deterrent purpose of the statute is to be furthered, it is essential that the alleged conviction or convictions, except for the first offense and conviction, were for offenses committed after each preceding conviction and sentence.

Before a trial may impose an additional five year sentence under the habitual criminal statute following the conviction of the principal penitentiary offense, the

---

[3] It has been held that a defendant must have been sentenced on a prior penitentiary offense prior to the commission of the next succeeding felony offense in order for a trial court to have jurisdiction to sentence under the habitual criminal statute, *Moore v. Coiner*, 303 F. Supp. 185 (N.D. W.Va. 1969), although it is not a jurisdictional prerequisite that a defendant be sentenced to actual confinement in the penitentiary on the prior felony conviction. *State ex rel. Johnson v. Skeen*, 140 W. Va. 896, 87 S.E.2d 521 (1955).

State must prove beyond a reasonable doubt that the defendant committed the principal offense after having been convicted and sentenced once before for the commission of a penitentiary offense. Before a trial court may impose the mandatory life sentence under the habitual criminal statute, the State must prove beyond a reasonable doubt that the prior convictions, except the first offense and conviction, were for offenses committed after each preceding conviction and sentence. This requires a showing that the second conviction for a penitentiary offense was for an offense committed after the first conviction and sentence on a penitentiary offense, and that the principal penitentiary offense was committed after the second conviction and sentence on a penitentiary offense.

In other words, where a prisoner being proceeded against under the habitual criminal statute remains silent or says he is not the same person who was previously convicted and sentenced to the penitentiary offense or offenses alleged in the information, a circuit court has no jurisdiction to impose an enhanced sentence under the statute where the State fails to prove beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, were committed subsequent to each preceding conviction and sentence. W.Va. Code, 61-11-18, 19.

Because no such showing was made in the instant habitual criminal proceeding, and because the jury rendered no verdict as to this issue, the trial court was without jurisdiction to impose any additional sentence in excess of the sentence of imprisonment provided by statute for the principal offense. Accordingly, the case is reversed and remanded to the Circuit Court of Hampshire County for action consistent with this opinion.

*Reversed and remanded.*