STATE OF WEST VIRGINIA

*v.*

JIMMY DALE ADKINS

(No. 14669)

Decided December 2, 1981.

*Joseph R. Martin,* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General, and *Thomas N. Trent,* Assistant Attorney General, for defendant-in-error.

HARSHBARGER, CHIEF JUSTICE:

Jimmy Dale Adkins was convicted in the Circuit Court of Nicholas County for delivery and possession with intent to deliver a controlled substance, cocaine. He was fined $50,000 and sentenced to two to thirty years imprisonment under W.Va. Code, 60A-4-408, which provides:

(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, or both. When a term of imprisonment is doubled under section 406 [§ 60A-4-406], such term of imprisonment shall not be further increased for such offense under this subsection (a), even though such term of imprisonment is for a second or subsequent offense.

(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs.

This offense occurred on November 7, 1976, and Adkins was convicted on September 27, 1977. He committed a second offense on November 12, 1976, and was convicted in May, 1977. Do recidivist principles prohibit such enhancement, the second offense having been committed before the first conviction?

In *State v. McMannis*, 161 W. Va. 437, 242 S.E.2d 571 (1978), we discussed our general recidivist statute, *Code* 61-11-18:[1]

---

[1] W.Va. Code, 61-11-18:

"When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61-11-19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

"When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life."

The teaching of our case law is that the primary purpose of the statute is to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense, from committing subsequent felony offenses. The statute is directed at persons who persist in criminality after having been convicted and sentenced once or twice, as the case may be, on a penitentiary offense. If the deterrent purpose of the statute is to be furthered, it is essential that the alleged conviction or convictions, except for the first offense and conviction, were for offenses committed after each preceding conviction and sentence. (Footnote omitted.) *Id.*, 242 S.E.2d at 574-575.

*See also State v. Pratt,* 161 W. Va. 530, 244 S.E.2d 227 (1978); *State ex rel. Yokum v. Adams,* 145 W. Va. 450, 114 S.E.2d 892 (1960); *State ex rel. Medley v. Skeen,* 138 W. Va. 409, 76 S.E.2d 146 (1953), Syllabus Point 3; *Dye v. Skeen,* 135 W. Va. 90, 62 S.E.2d 681 (1950); *State ex rel. Stover v. Riffe,* 128 W. Va. 70, 35 S.E.2d 689 (1945).

The purpose of W. Va. Code, 60A-4-408 is to deter future criminal behavior, *see* e.g., *People v. Phillips,* 56 Ill. App. 3d 689, 14 Ill. Dec. 161, 371 N.E.2d 1214 (1978), and its public policy purpose is to deter future crime, a purpose not served by sentence enhancement for an offense committed first and tried last.

Therefore, we hold that a trial court cannot double a defendant's sentence for violation of the Uniform Controlled Substances Act under Code, 60A-4-408, unless the principal offense was committed after a preceding conviction and sentence. *See State v. McMannis, supra.*

Adkins' indictment alleged that he "* * * unlawfully and feloniously did deliver and possess with intent to deliver a controlled substance, to-wit, cocaine * * *"

Code, 60A-2-206 lists as a Schedule II controlled substance:

(4) Coca leaves and any salt, compound, derivative or preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of

these substances, except that the substances shall not include decocainized coca leaves or extractions of coca leaves, which extractions do not contain cocaine or ecgonine.

There is similar language in Code, 60A-1-101(o)(4), defining narcotic drugs.

This language reveals that our Legislature intended to include cocaine as a Schedule II controlled substance. One need not look to extrinsic evidence to say that cocaine is a prohibited substance under the Uniform Controlled Substances Act.[2]

We think Adkins' reliance on *State ex rel. Hubbard v. Spillers*, 157 W. Va. 522, 202 S.E.2d 180 (1974), is misplaced. There we invalidated an indictment that charged defendant with delivery of "a certain quantity of a Schedule I Controlled Substance, to-wit, a certain quantity of hashish." We refused to take judicial notice that hashish was either the same or a "material, compound, mixture, or preparation of marijuana," a prohibited controlled substance; and we voided the indictment because hashish was not listed in the statutory schedule, and was thus not a prohibited controlled substance.

Cocaine is different. Code, 60A-2-206(4), describes cocaine.

For these reasons we affirm Adkins' conviction but remand for resentencing in accordance with this opinion and W.Va. Code, 60A-4-401.

*Reversed and remanded.*

---

[2] Courts from other jurisdictions have upheld convictions for possession or delivery of cocaine under language identical to that in our statute, i.e., the Uniform Controlled Substances Act. *See e.g., People v. Hacket*, 77 Ill. App. 3d 877, 396 N.E.2d 820 (1979); *Burns v. Sheriff, Clark County*, 92 Nev. 533, 554 P.2d 257 (1976); *Crowl v. State*, Tex. Crim. App., 611 S.W.2d 59 (1981) (dissenting opinion).