337 S.E.2d 918

**STATE of West Virginia**

v.

**Hampden V. FITCHER, III.**

**No. 16327.**

Supreme Court of Appeals of West Virginia.

Dec. 11, 1985.

Harry G. Deitzler, Pros. Atty., Richard M. Richmond, Asst. Pros. Atty., Parkersburg, for appellant.

James M. Bradley, Jr., Parkersburg, for appellee.

PER CURIAM:

This case involves the sufficiency of an indictment returned against Hampden V. Fitcher, III. The indictment alleged that Mr. Fitcher had committed the offense of delivery of a controlled substance by "...

delivering a controlled substance, cocaine, which is a derivative of non-decocainized coca leaves...." In an order dated April 13, 1984, the Circuit Court of Wood County granted the defendant's motion to dismiss the indictment on the ground that it failed adequately to charge a crime. The State appeals from this dismissal order.

The principal question before us is whether delivery of cocaine is a crime under our Uniform Controlled Substances Act. The defendant asserts that because cocaine is not included in the list of drugs that are classified as controlled substances, its delivery is not a crime. We rejected this argument in *State v. Adkins*, 168 W.Va. 330, 284 S.E.2d 619 (1981) when we held that the Legislature clearly intended to make cocaine a Schedule II controlled substance when it stated a description of the drug in *W.Va. Code* 60A–2–206(b)(4) [1985] which lists as a Schedule II controlled substance:

> (4) Coca leaves and any salt, compound, derivative or preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extractions of coca leaves, which extractions do not contain cocaine or ecgonine.

Other courts have reached the same conclusion under language identical to that in our statute. *See, e.g., United States v. Whitley*, 734 F.2d 1129 (6th Cir.1984); *United States v. Jones*, 543 F.2d 627 (8th Cir.1976); *United States v. Mills*, 463 F.2d 291 (D.C.Cir.1972); *United States v. Amidzich*, 396 F.Supp. 1140 (E.D.Wis.1975); *People v. Root*, 650 P.2d 562 (Colo.1982); *State v. Hutchens*, 604 S.W.2d 26 (Mo.App.1980); *Burns v. Sheriff*, 92 Nev. 533, 554 P.2d 257 (1976); *State v. McDuff*, 691 S.W.2d 569 (Tenn.Cr.App.1984). The defendant's argument that cocaine is not a proscribed substance under the Uniform Controlled Substances Act is simply without merit.

The defendant contends that the language in the indictment describing cocaine as a derivative of non-decocainized coca leaves is inaccurate. That cocaine is a derivative of coca leaves is without question. *See State v. Zaccagnini*, 172 W.Va. 491, 308 S.E.2d 131 (1983); *Webster's Third New International Dictionary*, at 434 (G. & C. Merriam Co. 1966); 4 *Gray's Attorneys' Textbook of Medicine*, Ch. 132, at 132–181 (3d ed.1974). *W.Va. Code* 60A–2–206(b)(4) [1985] excludes from its definition of a controlled substance any derivative that includes decocainized coca leaves. The clear intent of the indictment in this case was to define the substance cocaine so that it did not fall within this statutory exception.

The defendant also contends that the indictment is insufficient because it fails to state whether cocaine is a narcotic or non-narcotic drug. This argument is frivolous. Because cocaine is a derivative of coca leaves, *W.Va. Code* 60A–2–206(b)(4) [1985], it is by virtue of *W.Va. Code* 60A–1–101(p)(4) [1983] included in the definition of narcotic drug. Under *W.Va. Code* 60A–4–401(a)(i) [1983], delivery of cocaine carries the penalty of one to fifteen years or a fine of twenty-five thousand dollars, or both.

In West Virginia an indictment is sufficient when it clearly states the nature and cause of the accusation against a defendant, enabling him to prepare his defense and plead his conviction as a bar to later prosecution for the same offense. *State v. Rector*, 167 W.Va. 748, 280 S.E.2d 597 (1981); *State v. Furner*, 161 W.Va. 680, 245 S.E.2d 618 (1978); *State v. Ash*, 139 W.Va. 374, 80 S.E.2d 339 (1954). We find that the indictment returned against the defendant in this case clearly stated the charge against him and the circuit court's dismissal of that indictment was in error.

Accordingly, the judgment of the Circuit Court of Wood County is reversed and the case is remanded for trial.

Reversed and remanded.