## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William M. Moats,**
**Petitioner Below, Petitioner**

**FILED**

**February 22, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)  No. 12-0022** (Taylor County 11-C-92)

**Marvin Plumley, Warden, Huttonsville**
**Correctional Center, Respondent Below,**
**Respondent**

### MEMORANDUM DECISION

Petitioner William M. Moats, *pro se*, appeals the circuit court's December 20, 2011 order denying his petition for a writ of habeas corpus without a hearing. The respondent warden[1], by Laura Young, his attorney, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, the circuit court's order is reversed and this case is remanded for further proceedings. In so holding, this Court finds that this case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

According to documentation petitioner submitted as part of his appendix,[2] his co-defendant pled guilty to voluntary manslaughter in January of 2004. The co-defendant stated to the court that his part in the crime "was to hold onto the victim's arm(s) while [petitioner] held the victim tightly around his chest and upper body and squeezed until he lost consciousness and fell to the floor." Petitioner had been periodically residing with the victim.[3]

---

[1] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

[2] On March 13, 2012, this Court granted the respondent warden's motion to file a supplemental appendix which had been submitted with the motion.

[3] At the time, petitioner was on probation for escaping from a juvenile center, an adult felony conviction.

In separate cases, petitioner pled guilty to one count forgery and one count of uttering in the Circuit Court of Marion County for using the victim's credit cards and signing the victim's name on the receipts, and pled guilty in the Circuit Court of Taylor County to grand larceny in respect to his theft of the victim's van. Petitioner was indicted for murder with respect to the victim's death in April of 2003.

Petitioner was represented by counsel, and his attorneys negotiated a plea agreement. Petitioner agreed to plead guilty to murder in the second degree. The State agreed to recommend that petitioner be sentenced to ten years in the state penitentiary, to run concurrent with the sentence for his grand larceny conviction, with credit for time served on that conviction. The State also agreed to forego filing recidivist charges against petitioner. The plea agreement reflected that it was "not intended to . . . bind the [Circuit Court of Taylor County] as to acceptance of a plea or as to sentencing and the defendant has been fully advised that the Court has the authority to reject this agreement or parts thereof."

The circuit court declined to adopt the State's recommendation on sentencing and imposed a term of thirty-two years to "run consecutively with the sentence that [petitioner] is current serving."[4] Petitioner alleges that the only reason he accepted the plea agreement and pled guilty to second degree murder was his counsel's advice "to definitively avoid any potential habitual criminal [recidivist] actions."

Petitioner filed two prior petitions for a writ of habeas corpus, and the docket sheet for those petitions reflects that each was denied without a hearing. Thus, the denials of those petitions may not bar subsequent habeas petitions. *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).[5]

Petitioner filed his third habeas petition on November 20, 2011, asserting that counsel

---

[4] There is some confusion over the nature of petitioner's sentence in that the circuit court's orders denying petitioner's habeas petitions indicate that it is a concurrent sentence, not a consecutive one.

[5] In Syllabus Point Two of *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981). This Court held as follows:

> A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

2

provided ineffective assistance because they "advised him that he faced a life sentence under the recidivist-enhancement statute, W[est] V[irginia] Code § 61-11-19."[6] Petitioner argued that the recidivist statute could not have been applied to him "because two of his three previous penitentiary offenses were committed contemporaneously with the instant principal penitentiary offense . . . ."[7]

The circuit court denied petitioner's petition by an order entered December 20, 2011. The circuit court did not address petitioner's specific argument that his counsel's advice was incorrect and the recidivist statute could not have been applied to him. The circuit court ruled, *inter alia*, that "the agreement not to charge the Petitioner under the terms of West Virginia Code § 61-11-18 and § 61-11-19 was a valid agreement under the West Virginia Rules of Criminal Procedure, and would not result in a coerced guilty plea." The docket sheet for the instant case indicates that the circuit court did not conduct a hearing before denying the petition.

On appeal, petitioner argues that his petition alleges facts sufficient to entitle him to the appointment of counsel and a hearing under West Virginia's post-conviction habeas corpus statute. Petitioner asserts his petition meets that standard because when trial counsel overstates the lawfully authorized penalty the defendant may receive if he is convicted following trial and the defendant then pleads guilty solely to avoid that overstated penalty, the defendant has been denied effective assistance of counsel. *See*, *e.g.*, *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988), *abrogated on other grounds*, *Padilla v. Kentucky*, __ U.S. __, 130 S.Ct. 1473, 176 L.Ed.2d 284

---

[6] The substantive provisions of the recidivist statute are actually found in West Virginia Code § 61-11-18. West Virginia Code§ 61-11-18(c) provides that "[w]hen it is determined, as provided in [§ 61-11-19], that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life."

[7] Petitioner stole the victim's van at the time of the victim's death. According to the presentence report, "[t]he defendant admitted taking the victim's van and his personal items from the camper" and also to "returning to the camper a second time." Petitioner also admitted that "he continued to use the [victim's credit] cards after he knew the victim was dead." In Syllabus of *State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978), this Court held as follows:

> Where a prisoner being proceeded against under the habitual criminal statute remains silent or says he is not the same person who was previously convicted and sentenced to the penitentiary offense or offenses alleged in the information, *a circuit court has no jurisdiction to impose an enhanced sentence under the statute where the State fails to prove beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence. W.Va. Code §§ 61-11-18, 19.*

(emphasis added).

3

(2010). The respondent warden disputes the interpretation of the recidivist statute petitioner relies upon to say that his counsel provided him with incorrect advice. The respondent warden also asserts that petitioner's counsel were successful in plea negotiations with the State and provided petitioner with reasonable representation.

In Syllabus Point One of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), this Court held as follows:

> A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

After careful review of the petition and the other documentary evidence contained in the appendix and the supplemental appendix, this Court concludes that this case should be remanded for a hearing on petitioner's claim that his counsel's advice was incorrect and he could not have received a life sentence under the recidivist statute. *See* Syllabus, *State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978) (holding that no jurisdiction exists under the recidivist statute to impose an enhanced sentence "where the State fails to prove beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence."). Therefore, the circuit court's order is reversed and the case remanded for the appointment of counsel and an omnibus hearing on whether trial counsel's advice regarding the recidivist issue was incorrect as well as any other issue cognizable in a habeas proceeding. *See Losh*, supra, 166 W.Va. at 764, 277 S.E.2d at 609 ("[T]he post-conviction habeas corpus statute, W[est] V[irginia] Code, 53-4A-1 *et seq.* (1967) contemplates that every person convicted of a crime shall have . . . one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated.").

For the foregoing reasons, we reverse the December 20, 20111 order of the Circuit Court of Taylor County and remand this case for the appointment of counsel and an omnibus habeas corpus hearing.

Reversed and Remanded.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II