# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas Eugene Gardner, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

November 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)     No. 13-1301** (Marion County 12-C-449)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Eugene Gardner, Jr., by counsel Brandon L. Christopher, appeals the order of the Circuit Court of Marion County, entered November 26, 2013, that denied his petition for post-conviction habeas corpus relief. The State of West Virginia, in the name of David Ballard, Warden, by counsel Derek Knopp, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the underlying criminal case, petitioner was indicted on one count of distribution or exhibition of obscene material to a minor in violation of West Virginia Code § 61-8A-2(a). That case arose when petitioner telephoned a girl he knew to be thirteen years old, engaged her in a sexually explicit conversation, and then played a recording depicting the rape of a child. Defense counsel moved to dismiss the indictment on the ground that the telephone call did not fit the definition of "distribute" found in West Virginia Code § 61-8A-1. Petitioner pled guilty to the charge on January 19, 2011, but reserved the right to appeal. Petitioner's plea agreement reads, in relevant part, as follows.

> The State will agree to allow [petitioner] to enter a plea of guilty to the offense of DISTRIBUTION AND DISPLAY TO MINOR OF OBSCENE MATTER, a felony, the penalty for which, under the provisions of West Virginia Code § 61-8A-2(a) [includes a fine of] not more than Twenty Five Thousand ($25,000.00) Dollars or [confinement] in a state correctional facility for not more than Five years, or both.

1

On the same day that petitioner entered his guilty plea, the State filed a recidivist information against petitioner based on his guilty plea and his prior felony convictions for statutory rape, involuntary deviate sexual intercourse, kidnapping, and failure to register as a sexual offender. The circuit court scheduled the matter for trial on March 15, 2011. However, prior to trial, petitioner opted to plead guilty to the recidivist information despite the circuit court's warning that "[a]n admission that you were convicted of three or more prior felonies prior to the alleged felony will result in you being sentenced to the penitentiary for the remainder of your natural life."

At his sentencing hearing, petitioner argued that his prior convictions were too remote in time to be used as the basis for a life sentence and that his conduct related to his conviction for distribution or exhibition of obscene material to a minor was not violent and did not contain the threat of violence. Thus, he claimed that it was unconstitutional to sentence him to life in prison under the recidivist statute. The circuit court rejected these arguments, and sentenced petitioner to a life in prison pursuant to the recidivist statute. This Court affirmed petitioner's conviction on February 13, 2012. *See State v. Gardner*, No. 11-0714 (W.Va. Supreme Court, February 13, 2012) (memorandum decision).

Petitioner filed a petition for writ of habeas corpus, pro se, on December 10, 2012. On February 15, 2013, the circuit court appointed habeas counsel who filed an amended habeas petition on June 14, 2013. That amended petition raised the following claims: (1) the court lacked jurisdiction to impose a life sentence because the recidivist information was procedurally defective, (2) the prosecutor made prejudicial statements during the sentencing hearing and in the recidivist information, (3) ineffective assistance of counsel, (4) the underlying felony guilty plea was not voluntarily, (5) the plea bargain was unfulfilled, (6) the circuit court imposed a more severe sentence than expected, (7) the sentence was excessive, and (8) petitioner was given insufficient credit for time served.

On October 25, 2013, the circuit court held an omnibus hearing on petitioner's amended habeas petition. Petitioner's trial counsel from his case for distribution or exhibition of obscene material to a minor testified at the hearing. By order entered November 26, 2013, the trial court addressed each of the issues raised in petitioner's amended habeas petition and then denied relief. Petitioner now appeals that order.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner raises four assignments of error on appeal. He first argues that the State breached the terms of his written plea agreement; or, by its actions, lead petitioner to believe that it would not file a recidivist plea against him if he pled guilty to distribution or exhibition of obscene material to a minor. Petitioner also argues that, because his plea agreement stated that the penalty for his plea would be a maximum of five years in prison, he was justified in believing that the State had agreed not to file recidivist charges against him.

Petitioner's plea agreement clearly provides that the State and petitioner agree to argue appropriate sentencing to the court following the entry of a pre-sentence report. Hence, the State did not breach the terms of petitioner's plea agreement because the State did not agree to be limited to the five year term of imprisonment found in West Virginia Code § 61-8A-2(a). Nor did the State's actions justify petitioner's claim that the State led him to believe that it would not file a recidivist information against him. The record on appeal shows that, at petitioner's omnibus hearing, his trial counsel testified that he (counsel) asked the State to waive a recidivist action in exchange for petitioner's plea, but the State would not agree to do so. Trial counsel also testified that, "There was certainly no . . . promise or commitment to us that they were not going to pursue the recidivist. In fact, I think by the time we did this, it was made clear to us that they would, even though it's not . . . part of this plea agreement." Finally, trial counsel testified that at no time did the State do anything that would give petitioner a justifiable belief that recidivist charges would not be pursued. On this record, we cannot say that the circuit court erred when it found that the State did not breach petitioner's plea agreement or give petitioner reason to believe that it would not file a recidivist action if petitioner pled guilty to distribution or exhibition of obscene material to a minor.

Petitioner also claims that the trial court failed to make him aware of all of the possible consequences of his guilty plea. In *State ex rel. Appleby v. Recht*, we said,

> The law is clear that a valid plea of guilty requires that the defendant be made aware of all "the *direct consequences* of his plea." By the same token, it is equally well settled that, before pleading, the defendant need not be advised of all *collateral consequences* of his plea, or, as one Court has phrased it, of all "possible ancillary or consequential results which are peculiar to the individual and which may flow from a conviction of a plea of guilty, . . . ."

> . . . .

> *Under West Virginia Code §§ 61–11–18 & 19, the imposition of a life sentence is not "definite, immediate and largely automatic."* The State not only retains the discretion to decide when to pursue recidivist sentencing (or to decide not to so proceed), but the separate nature of the recidivist proceeding requires the State to satisfy a number of requirements, such as: (1) filing a written information, Syl. pt. 1, *State ex rel. Cox v. Boles*, 146 W.Va. 392, 120 S.E.2d 707 (1961); (2) proving "beyond a reasonable doubt that each penitentiary offense, including the

3

principal penitentiary offense, was committed subsequent to each preceding conviction and sentence[,]" Syl., *State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978); and (3) proving beyond a reasonable doubt to the jury the identity of the defendant. W.Va. Code § 61–11–19; Syl. pt. 4, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980).

213 W.Va. 503, 511, 583 S.E.2d 800, 808 (2002) (emphasis added). Therefore, pursuant to *Appleby*, the circuit court had no duty to inform petitioner about a possible recidivist action because such an action was not a direct consequence of his guilty plea. Thus, we find that the circuit court did not err.

Petitioner's next assignment of error is that the circuit court lacked jurisdiction to impose a life sentence upon him because it failed to follow the strict procedural requirements set forth in West Virginia Code § 61-11-19 regarding recidivist proceedings. Specifically, petitioner claims that the recidivist information filed against him (1) set forth an incorrect sentence for his conviction of statutory rape —twenty-five years in prison—as opposed to the correct sentence of four to eight years in prison for that crime; and (2) failed to include the sentences he received for the crimes of involuntary deviate sexual intercourse and indecent assault.

West Virginia Code § 61–11–19 lists the procedural requirements of a recidivist information, as follows.

It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen of this article on a second or third conviction as the case may be.

With regard to West Virginia Code § 61–11–19, this Court recently found that

a recidivist information is sufficient if it alleges a previous conviction with such particularity as to give *reasonable notice* to the defendant: (1) of the nature and

4

character of the previous conviction; (2) of the court wherein the previous conviction occurred; and (3) that the identity of the person previously convicted is the same as the defendant.

Syl. Pt. 3, *State v. Hillberry,* 233 W.Va. 27, 754 S.E.2d 603 (2014) (emphasis added). In the instant case, we find that petitioner's recidivist information satisfies the *Hillberry* test because it gave petitioner sufficient notice to identify (1) the nature and character of his previous convictions; (2) the court in which he was convicted of each crime; and (3) that petitioner was the person previously convicted of those crimes. As for petitioner's argument that he was prejudiced by an incorrect sentence listed in his recidivist information, we note that the record on appeal reflects that petitioner was, in fact, sentenced to twenty-five years in prison; however, that sentence was for a kidnapping conviction, and not for a statutory rape conviction as incorrectly noted in the recidivist information. Therefore, although petitioner's recidivist information contained a clerical error, we find that petitioner was not unduly prejudiced by it.

Petitioner's third assignment of error is that his trial counsel was ineffective in failing to identify the procedural defect in the information charging petitioner as a recidivist. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established by the United State Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a finding that: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*). We first note that the circuit court had before it a pre-sentence investigation that set forth exacting details of petitioner's lengthy criminal history, including his prior convictions, sentences, and revocations. We also note that the circuit court found that, in opting not to challenge the recidivist information, petitioner's trial counsel's performance was not deficient under an objective standard because the recidivist information was not procedurally deficient. Therefore, we concur with the circuit court's finding that petitioner fails to satisfy either prong of the *Strickland/Miller* test.

Petitioner's fourth and final assignment of error is that the circuit court's cumulative error prevented him from receiving a fair trial. *See* Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550, 551-52 (1972) (The cumulative effect of numerous errors may result in the setting aside of a criminal conviction.) Of the fourteen alleged errors petitioner lists, he fails to explain specifically how the circuit court violated the law in each instance. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that an appellate brief must "contain an argument exhibiting clearly the points of fact and law presented." We have also said,

"Typically, this Court will not address issues that have not been properly briefed." *State v. White*, 228 W.Va. 530, 541 n. 9, 722 S.E.2d 566, 577 n. 9 (2011). Indeed, we have repeatedly cautioned that "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." *State v. Lilly*, 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) (internal quotations and citation omitted). See *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996)

("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal."); *State, Dep't of Health & Human Res., Child Advocate Office v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]" (internal quotations and citations omitted)).

*State v. J.S.*, 233 W.Va. 198, __ n.18, 757 S.E.2d 622, 628 n.18 (2014). Given that petitioner mentions his claims only in passing, we find that he has failed to preserve this assignment of error; therefore, we will not address this issue herein.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 3, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis

6