# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0547** (Cabell County 06-F-101)

**Jimmy Dale Cearley, Defendant Below,
Petitioner**

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jimmy Dale Cearley, by counsel J. Anthony Spenia, appeals the Circuit Court of Cabell County's April 15, 2014, order resentencing him to consecutive terms of incarceration of ten to twenty-five years for his conviction of second degree sexual assault and, pursuant to the recidivist statute, a life sentence for his conviction of unlawful wounding. The State, by counsel Christopher C. Dodrill, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in refusing to give a jury instruction on the lesser included offense of first degree sexual abuse and in imposing a life recidivist sentence.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2006, petitioner was indicted on one count of malicious wounding and one count of second degree sexual assault.[2] The charges stemmed from an incident in which petitioner grabbed S.K., an adult female, slammed her head against a cinderblock wall multiple times, and then had forcible sexual intercourse with her. Following a jury trial in May of 2007, petitioner was found guilty of both unlawful wounding, a lesser included offense of malicious wounding, and second degree sexual assault. On June 18, 2007, within the same term of court as petitioner's

---

[1]In his petition for appeal, petitioner further states that he "has asserted several assignments of error regarding competence to stand trial." However, petitioner goes on to state that as of the petition's filing, he had not received the requested transcript regarding a competency hearing. Petitioner therefore requested that he be permitted to file supplemental briefing with regard to those issues "should such a supplement be necessary." As no such supplemental briefing has been filed, the Court concludes that counsel has determined the same to be unnecessary and will not address any assignments of error regarding petitioner's alleged incompetency.

[2]Petitioner was also indicted on one count of forgery that was later severed.

1

conviction and prior to sentencing, the State filed a recidivist information alleging petitioner had three prior felony convictions qualifying him for increased punishment as a recidivist. Attached to the information were copies of the indictments, pleas, and sentencing forms from each of the prior convictions. Petitioner's recidivist trial commenced in October of 2007, and the jury found that petitioner was the person named in the recidivist information and was a recidivist. That same month, the circuit court sentenced petitioner to a term of incarceration of ten to twenty-five years for his conviction of second degree sexual assault and, pursuant to the recidivist statute, a life sentence for his conviction of unlawful wounding, said sentences to run consecutively. In April of 2014, petitioner was resentenced for purposes of appeal. It is from the order resentencing him that petitioner appeals.

Upon our review, we find no error in either the circuit court's denial of petitioner's proposed jury instruction or in the imposition of a recidivist life sentence. In regard to a circuit court's ruling on proposed jury instructions, we have previously held that "[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion." Syl. Pt. 2, in part, *State v. Jett*, 220 W.Va. 289, 647 S.E.2d 725 (2007) (quoting Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996)). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's proposed jury instruction regarding the lesser included offense of first degree sexual abuse.

Petitioner's argument is premised upon an alleged failure to comply with our prior direction on this issue, wherein we stated that

> [a] trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense.

Syl. Pt. 11, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994). However, petitioner's argument wholly ignores our prior directive that "'[i]nstructions must be based upon the evidence and an instruction which is not supported by evidence should not be given.' Syl. pt. 4, *State v. Collins*, 154 W.Va. 771, 180 S.E.2d 54 (1971)." Syl. Pt. 14, *State v. Davis*, 232 W.Va. 398, 752 S.E.2d 429 (2013). In this matter, it is clear that petitioner failed to establish an evidentiary basis for an instruction on the lesser included offense of first degree sexual abuse, and, as such, his proposed instruction did not concern an "important point in the trial."

Pursuant to West Virginia Code § 61-8B-7(a)(1), "[a] person is guilty of sexual abuse in the first degree when . . . such person subjects another person to sexual *contact* without their consent, and the lack of consent results from forcible compulsion[.]" (Emphasis added). Conversely, pursuant to West Virginia Code § 61-8B-4(a)(1), "[a] person is guilty of sexual assault in the second degree when . . . such person engages in sexual *intercourse* or sexual *intrusion* with another person without the person's consent, and the lack of consent results from forcible compulsion[.]" (Emphasis added). Further, West Virginia Code §§ 61-8B-1(6) and (7) clearly differentiate the actions of "sexual contact" and "sexual intercourse," with the former

constituting "intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person," and the latter constituting "any act between persons involving penetration, however slight, of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth or anus of another person."

Petitioner in this matter presented no evidence that he did not engage in sexual intercourse with the victim and, in fact, argued in his defense that sexual intercourse occurred but was consensual. The record is clear that "the only evidence presented . . . is the fact that there was forcible compulsion and penetration." As such, petitioner could not have been guilty of first degree sexual abuse because he did not engage in sexual touching as that crime requires, but instead engaged in sexual intercourse with the victim. While petitioner argues the he could have been guilty of first degree sexual abuse because he licked the victim's nipple, the Court does not find that argument compelling. That petitioner may have engaged in an act of sexual touching that the State chose not to charge him with does not absolve him of the crime of second degree sexual assault or warrant an instruction on a lesser included offense. Because petitioner offered no evidence that he did not engage in sexual intercourse, the circuit court did not err in denying his request for a jury instruction on the lesser included offense of first degree sexual abuse.

As to petitioner's next assignment of error, the Court finds no error in the circuit court imposing a life recidivist sentence in this matter. While petitioner argues that the State failed to immediately notify the circuit court that it would seek a recidivist sentence upon his conviction, the Court finds that petitioner's argument on this issue too narrowly interprets the controlling statute and case law. Pursuant to West Virginia Code § 61-11-19, "[i]t shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence." The record is clear that the State satisfied this burden by presenting the required information to the circuit court before sentencing. Moreover, in discussing this statute, we have stated that "we believe the immediacy requirement is satisfied if the State files the information before sentencing and prior to the end of the term of court within which the defendant was convicted." *State ex rel. Appleby v. Recht*, 213 W.Va. 503, 510, 583 S.E.2d 800, 807 (2002). Because the State presented the required information to the circuit court prior to petitioner's sentencing and the end of the term of court in which he was convicted, the Court finds no error in regard to the State's notice of its intent to seek a recidivist sentence.

Further, while petitioner argues that the recidivist information should have been dismissed as defective because it lacked the dates of his prior offenses, the Court finds no error in this regard. While petitioner argues that our prior holdings dictate that the dates of the prior offenses are essential elements of a recidivist charge and their omission from the information rendered it defective, the Court disagrees. Petitioner relies upon a case that simply deprives circuit courts of jurisdiction to impose a recidivist sentence "where the State fails to prove beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence." Syl., *State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978). Recently, this Court addressed the sufficiency of recidivist informations and stated that

> a recidivist information is sufficient if it alleges a previous conviction with such particularity as to give reasonable notice to the defendant: (1) of the nature and character of the previous conviction; (2) of the court wherein the previous conviction occurred; and (3) that the identity of the person previously convicted is the same as the defendant.

Syl. Pt. 3, *State v. Hillberry*, 233 W.Va. 27, 754 S.E.2d 603 (2014). As such, it is clear that by including the dates of petitioner's prior convictions, the State filed a sufficient information against petitioner. Moreover, the information included the indictments from petitioner's prior convictions, which also included the dates of the prior offenses. For these reasons, the Court finds the recidivist information was sufficient.

Finally, the Court finds no error in the circuit court ordering that petitioner remain in shackles during the recidivist trial. While petitioner argues that the circuit court violated his constitutional rights by failing to hold a full evidentiary hearing on the issue of restraints, the Court disagrees. In fact, the circuit court did hold a full evidentiary hearing on this issue during petitioner's criminal trial and ultimately found that restraints were necessary due to petitioner's multiple outbursts in those proceedings. Further, petitioner did not object to being restrained during the recidivist trial. We have previously held that "'[a] criminal defendant has the right, absent some necessity relating to courtroom security or order, to be tried free of physical restraints.' Syllabus point 3, *State v. Brewster*, 164 W.Va. 173, 261 S.E.2d 77 (1979)." Syl., *State v. Holliday*, 188 W.Va. 321, 424 S.E.2d 248 (1992). Petitioner does not contest that the circuit court appropriately ordered him shackled during the criminal trial, and the Court specifically finds that the circuit court did not err in failing to hold a second evidentiary hearing on this issue after properly determining that petitioner required restraints for purposes of courtroom security and order. Further, even if such failure did constitute error, petitioner cannot show any effect on his constitutional rights as the circuit court took precautions to limit any prejudicial effect. The record is clear that the circuit court ensured the restraints were not visible to the jury by placing a skirt on the table where petitioner was seated. For these reasons, we find no violation of petitioner's constitutional rights during the recidivist trial and further that the circuit court properly imposed a recidivist life sentence below.

For the foregoing reasons, the circuit court's April 15, 2014, order resentencing petitioner is hereby affirmed.

Affirmed.

4

**ISSUED**: March 16, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II