OSCAR THOMAS BURNS, JR., APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9033

September 17, 1976            554 P.2d 257

*John F. O'Reilly,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Jerry McGimsey,* Deputy, Clark County, for Respondent.

OPINION

*Per Curiam:*

Oscar Thomas Burns, Jr., was charged with, and ordered to stand trial for, the felonious possession of a controlled substance (cocaine) in violation of NRS 453.336 and NRS 453.-171. In an effort to avoid trial, Burns petitioned for habeas corpus contending (1) the contraband was seized during an invalid search; (2) the prosecution failed to present sufficient evidence at the preliminary examination to meet the probable cause test delineated in NRS 171.206; and, (3) possession of cocaine is not prohibited by Nevada law.

The district judge denied habeas and the same contentions are reurged in this appeal.

1. The court has frequently and consistently held the validity of a search and seizure must be challenged by a timely filed motion to suppress, not by habeas. See Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969), and its progeny.

2. The thrust of Burns' challenge to the sufficiency of the evidence is directed to the proof adduced regarding chain of custody of the cocaine.

The arresting officer testified he placed the seized bottle (of what later proved to be cocaine) in an envelope which he sealed, initialed and placed in the North Las Vegas Police Department evidence vault. The chemist testified she obtained the sealed and initialed envelope from the evidence vault and after breaking the seal, performed various tests on the contents of the bottle, which confirmed the substance was cocaine. Thereafter, she returned the bottle to the envelope which was resealed, initialed and placed in the evidence vault where it remained until it was removed by the arresting officer and brought to court. The chemist testified it was then in the same condition it had been when she had placed it in the vault, after testing.

To establish chain of custody and competent identification of evidence Nevada law requires (1) reasonable showing that

substitution, alteration or tampering of the evidence did not occur; and, (2) the offered evidence is the same, or reasonably similar to the substance seized. Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968); Eisentrager v. State, 79 Nev. 38, 378 P.2d 526 (1963). The testimony of the arresting officer and the chemist was sufficient to sustain the district judge's conclusion that the state had met the requirements listed.

3. Burns' contention that possession of cocaine is not prohibited by Nevada law is patently frivolous. NRS 453.171 (2)(d).

Affirmed.