(626 P.2d 210)
No. 51,139

STATE OF KANSAS, *Appellee,* v. MICHAEL LEE HERMERDING, *Appellant.*

Opinion filed March 27, 1981.

*Douglas J. Walker, Jr.,* of David R. Gilman & Associates, of Overland Park, for appellant.

*Michael D. Reed,* assistant district attorney, *Dennis W. Moore,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before MEYER, P.J., REES and PARKS, JJ.

REES, J.: Defendant appeals from his ccnvictions for possession of a narcotic drug (K.S.A. 65-4127a) and marijuana (K.S.A. 65-4127b[a][3]).

Recitation of the evidence is unnecessary except as incident to our discussion of the two issues raised on appeal.

The first issue concerns the sufficiency of the evidence to sustain the conviction for possession of a narcotic drug. Defendant contends the trial court erred in holding and instructing the jury that cocaine is a narcotic drug. Insofar as we are here concerned, the statutory definition of a "narcotic drug" is as follows:

" 'Narcotic drug' means any of the following whether produced directly or indirectly by extraction from substances of vegetable origin or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis:

. . . .

"(4) coca leaves and any salt, compound, derivative or preparation of coca leaves, and any salt, compound, isomer, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocanized coca leaves or extractions of coca leaves which do not contain cocaine or ecgonine." K.S.A. 65-4101(*p*).

Defendant does not challenge the expert testimony, admitted

without objection at trial, that the substance found in his possession was cocaine. However, he correctly states there was no testimonial or documentary evidence, either admitted or proffered, that cocaine is a narcotic drug within the statutory definition. He also points out that the State furnished no information to the trial judge to support the taking of judicial notice pursuant to K.S.A. 60-409(c). He argues it was error for the trial judge to hold that cocaine is a "narcotic drug" in the absence of evidence of that "fact" or presentation of information to support a request by the State for the taking of judicial notice.

K.S.A. 65-4101 and K.S.A. 65-4127a are sections of the Uniform Controlled Substances Act as adopted in Kansas. Within the Act is a "Schedule II" of controlled substances which lists one controlled substance by wording substantially equivalent to that found at K.S.A. 65-4101(p)(4). K.S.A. 65-4107(4). The Act is a part of the statutory law of many states. With but a single exception known to us (*People v. McCarty*, 93 Ill. App. 3d 898, 418 N.E.2d 26 (1981), case authority from other jurisdictions unanimously holds cocaine is a "narcotic drug" as a matter of law. Some authorities so hold as a matter of statutory construction. *State ex rel. Huser v. Rasmussen*, 84 Wis. 2d 600, 267 N.W.2d 285 (1978); *Bishop v. State*, 568 S.W.2d 136 (Tex. Crim. 1978). Others treat it as a matter of judicial notice of fact or knowledge beyond reasonable dispute. (See K.S.A. 60-409[a].) *United States v. Umentum*, 401 F. Supp. 746 (E. D. Wis. 1975), *aff'd* 547 F.2d 982 (7th Cir. 1976), *cert. denied* 430 U.S. 983 (1977); *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975). Referring to language identical to K.S.A. 65-4101(p)(4) found in the Nevada statutes (Nev. Rev. Stat. § 453.171[2][d]), the Supreme Court of that state has held the "contention that possession of cocaine is not prohibited by Nevada law is patently frivolous." *Burns v. Sheriff*, 92 Nev. 533, 535, 554 P.2d 257 (1976). We are persuaded by these authorities and hold that cocaine is a narcotic drug as defined by K.S.A. 65-4101(p)(4). The trial judge did not err.

The cocaine and marijuana underlying defendant's convictions were seized upon execution of a search warrant at defendant's residence. By his second issue on appeal, defendant argues he was denied due process in that he was not afforded the right to confront the confidential informant referred to in the affidavit supporting the search warrant request.

Excluding formalities, the affidavit recited that:

"2) Affiant was contacted by a reliable confidential informant who advised that, in the last 48 hours, said reliable confidential informant was at the residence at 8415 Robinson, Overland Park, Johnson County, Kansas, and that while at the residence, the reliable confidential informant observed a quantity of green leafy vegetation, which the reliable confidential informant believes to be marihuana, in the residence at 8415 Robinson, Overland Park, Johnson County, Kansas.

"3) The reliable confidential informant stated to the Affiant that the belief that the green leafy vegetation is marihuana is based on prior observation and usage of the substance.

"4) Affiant believes the reliable confidential informant to be reliable from the following:

"a) within the last year, the confidential informant has given information leading to twelve search warrants for various types of controlled substances; and

"b) the aforementioned search warrants have resulted in the seizure of controlled substances in each instance and consequently resulted in arrests and/or arrest warrants."

The affiant was one Sgt. Ed Hayes of the Johnson County Sheriff's office. The affidavit was executed and presented to a Johnson County district judge by Sgt. Hayes on October 4, 1978, at approximately 2:30 p.m. The search warrant was immediately issued. It was executed shortly before noon on October 5, 1978.

In advance of trial, defendant moved to suppress the fruits of the search. Together with his motion he filed his own "Affidavit and Offer of Proof." In material part the latter stated:

"Affiant says that he was prior to October 4, 1978, a resident of 8415 Robinson, Overland Park, Kansas. That [C. C., D. E., F. R., and A. B.] were the only people besides himself who had permission or to his knowledge were in 8415 Robinson between 12:00 a.m. October 2, and 2:30 p.m. October 4, 1978.

"Affiant has talked to these four (4) people and each and every one of them states that he or she did not tell Detective Ed Hays [sic] that a quantity of marijuana was present at 8415 Robinson, Overland Park, Kansas.

"Affiant further states that where he testified [sic] the foregoing would be his testimony in proof."

The trial judge held a hearing on the motion. Defendant testified in substantial accord with his affidavit. However, his testimony also revealed that at about 11:00 p.m. one evening during the three-day period, a female stranger called at his door; the stranger was not admitted into the house. None of the four persons identified in defendant's affidavit was subpoenaed or called to testify. Upon objections lodged by the State, defendant's examination of Sgt. Hayes was substantially limited by the trial judge. Sgt. Hayes testified he talked with the informant within 48

hours prior to the issuance of the search warrant. Defendant was not permitted to inquire as to whether Sgt. Hayes knew or had met C. C., D. E., F. R. or A. B., prior to the search.

The transcript of the motion hearing discloses that following the testimony of defendant and Sgt. Hayes, the following transpired:

"THE COURT: The matter then is submitted in reference to what the Court is going to call a request for an *in camera* hearing to suppress. I am not sure whether we are going to call that a *Franks* hearing or *Jacques* type hearing. Any argument in reference to this point, gentlemen?

"MR. WALKER: Judge, I would briefly state that I think I have sustained my burden of proof under *State v. Jacques* following *Delaware v. Franks* since the Court is not going to let me go beyond the four corners and discover that, and I presume that's with regard to the policy of keeping these informants confidential. *I would request that the Court make an in camera discovery or a deposition or exam under oath* to determine whether the information contained in the affidavit for search warrant is false." (Emphasis added.)

One week after the hearing and still before trial, the trial judge announced on the record and with counsel present:

"Let the record show that the Court ordered an *in camera* hearing in this matter based upon *State v. Jacques,* and also the Federal case, and I assume it's going to be called a *Franks* hearing.

"The Court has accomplished that *in camera* inspection hearing and at this time, the Court finds that the motion to suppress should be overruled."

Defendant's denial of due process argument to us is somewhat imprecise. Although much is said with respect to whether defendant made a sufficient showing under *Franks v. Delaware,* 438 U.S. 154, 57 L.Ed.2d 667, 98 S.Ct. 2674 (1978), the essence of the argument is that not only does he not know whose testimony was taken at the trial judge's in camera hearing but, most importantly, he was not afforded opportunity to confront, test and possibly refute the truth of the confidential informant's statement to Sgt. Hayes as recited in the affidavit. Defendant suggests that at the least he should have been allowed to submit to the trial judge written interrogatories for answer by the in camera hearing witness or witnesses. Defendant obviously assumes the trial judge examined the confidential informant at the hearing. The in camera hearing transcript was sealed by the trial judge; it has not been examined by the parties or us.

We conclude the trial court did not err. We find the foundation for our conclusion in the *Franks* decision, 438 U.S. 154, and the

relevant parts of the opinion of our Supreme Court in *State v. Jacques,* 225 Kan. 38, 42-44, 587 P.2d 861 (1978). We find further support in *United States v. Rios,* 611 F.2d 1335 (10th Cir. 1979); *United States v. House,* 604 F.2d 1135 (8th Cir. 1979), *cert. denied* 445 U.S. 931 (1980); *United States v. Licavoli,* 604 F.2d 613 (9th Cir. 1979), *cert. denied* 446 U.S. 935 (1980); and *State v. Towles & Brewer,* 4 Kan. App. 2d 567, 609 P.2d 228, *rev. denied* 228 Kan. 807 (1980).

Under the *Franks* exception to the firmly established Kansas general rule that the allegations in an affidavit in support of a search warrant request may not be disputed, the only allegations subject to impeachment are those of the affiant; the truth of declarations attributed by the affiant to others are not subject to dispute. The exception to the rule comes into play under facts like or analogous to those in *Franks,* that is, the challenger offers the testimony of the declarant or other substantial probative evidence that the affidavit does not correctly recite what the declarant told the affiant. Whatever may be the reaction of a defendant in a criminal action where the affidavit is nothing more than a hearsay statement of a confidential informant's declaration, it remains that the result of the *Franks* decision is recognition of a circumscribed exception to our general rule; the rule is not abolished.

In sum, we conclude the attack of the defendant upon the affidavit of Sgt. Hayes was outside the limits prescribed by *Franks,* 438 U.S. at 171-172. It was an attack upon the truth of the confidential informant's declarations, not the statements of the affiant, Sgt. Hayes.

Affirmed.