An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTHUR PRIDE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65072

**FILED**

OCT 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE AND DISMISSING APPEAL IN PART

This is a proper person appeal from orders of the district court denying a post-conviction petition for a writ of habeas corpus and a motion for reconsideration.[1]   Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on September 10, 2013, appellant claimed that his counsel was ineffective at his probation revocation proceedings.[2]

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]This court has recognized that an ineffective-assistance-of-counsel claim will lie only where the defendant had a constitutional or statutory right to the appointment of counsel. *See McKague v. Warden*, 112 Nev. 159, 164–65, 912 P.2d 255, 258 (1996). Here, the district court apparently determined that appellant was entitled to the effective assistance of counsel because the district court addressed the merits of the claims. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790-91 (1973).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34329

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

First, appellant claimed that his counsel was ineffective for failing to argue that his positive drug test should not have been considered due to failure to follow proper chain of custody protocols. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant's probation officer testified that he tested appellant's urine, that it tested positive for marijuana, and that he showed appellant the sample and the test results. The officer testified that he then sent the sample to a laboratory for further testing. The officer testified that the laboratory test also showed a positive test for marijuana. Under these circumstances, appellant failed to demonstrate that objectively reasonable counsel would have asserted there was an improper break in the chain of custody. *See Burns v. Sheriff, Clark Cnty.*, 92 Nev. 533, 534-35, 554 P.2d 257, 258 (1976); *see also Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972) (discussing that doubt arising from evidence of tampering resulting from a break in the chain of custody "goes to the weight of the evidence" and not to its admissibility). Appellant failed to demonstrate a reasonable probability of a different outcome had

counsel raised this argument as there was sufficient evidence presented that appellant violated the terms of his probation. *See Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his counsel was ineffective for failing to seek an independent test of his urine sample. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Two tests were conducted of appellant's sample and appellant failed to demonstrate that objectively reasonable counsel would have sought a third test. Appellant failed to demonstrate a reasonable probability of a different outcome at the revocation hearing had additional testing been sought. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his counsel was ineffective for failing to argue that appellant had made payments for his fees. Appellant failed to demonstrate either deficiency or prejudice for this claim. The probation officer testified that appellant had limited resources, but that appellant had made modest payments toward the fees. The district court also acknowledged that appellant had made modest payments, but noted that appellant had decided to purchase marijuana rather than increase his payments. Appellant failed to demonstrate that objectively reasonable counsel would have raised further issues in this regard or that there is a reasonable probability of a different outcome had counsel raised arguments about the payments. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that his counsel was ineffective for failing to argue that appellant did not fail to submit to drug testing. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The probation officer testified that appellant could not give a urine sample for approximately two hours, then left to attend a medical procedure. The officer testified that this was the first instance that appellant had not been able to give a urine sample. Appellant was tested two days later and the test was positive for marijuana. Under these circumstances, appellant failed to demonstrate that objectively reasonable counsel would have raised arguments about appellant's failure to submit to testing or that there is a reasonable probability of a different outcome had counsel raised such arguments. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that his counsel was ineffective because she was not prepared for the revocation hearing and did not have the case file during the hearing. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. At the hearing, counsel stated that she had reviewed the discovery from the State and that she was ready to proceed with the revocation hearing. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel performed additional actions to prepare for the hearing. Therefore, the district court did not err in denying this claim.

Appellant also appealed the district court order denying his motion for reconsideration. Because no statute or court rule permits an appeal from an order denying a motion for reconsideration, we lack

jurisdiction to consider that portion of appellant's appeal. *See Phelps v. State*, 111 Nev. 1021, 1022-23, 900 P.2d 344, 344-45 (1995); *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). Accordingly, we

ORDER the judgment of the district court AFFIRMED and DISMISS the appeal in part.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:  Hon. Douglas W. Herndon, District Judge
Arthur Pride
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A