IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,464

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC O'SHEA HOLDER,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 2020 Supp. 21-5705(e) provides a rebuttable presumption for a defendant's possession with intent to distribute when that defendant is found to have possessed specific quantities of a controlled substance.

2.

A rebuttable presumption does not remove the presumed element from the case, but it requires the jury to find the presumed element unless the accused persuades the jury otherwise. That is, once the State proves certain facts, the jury must infer the element from those facts, unless the accused proves otherwise.

3.

A jury instruction with a permissive inference does not relieve the State of its burden of proof in a criminal case, because it still requires the State to convince the jury that an element should be inferred based on the facts proven.

4.

PIK Crim. 4th 57.022 (2013 Supp.) provides a jury instruction with a permissive inference the jury may accept or reject about a defendant's possession with intent to

distribute when that defendant is found to possess specific quantities of a controlled substance. This permissive instruction does not fairly and accurately reflect the statutory rebuttable presumption specified in K.S.A. 2020 Supp. 21-5705(e).

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 16, 2020. Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed January 28, 2022. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Thomas R. Stanton*, district attorney, argued the cause, and *Keith E. Schroeder*, former district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: A jury convicted Dominic O'Shea Holder of possession with intent to distribute and conspiracy to distribute a controlled substance after police seized 44 pounds of marijuana during a traffic stop of a vehicle he did not own or occupy. A Court of Appeals panel affirmed his convictions. See *State v. Holder*, No. 120,464, 2020 WL 6108359 (Kan. App. 2020) (unpublished opinion). He petitioned this court for review, and we agreed to consider two questions: (1) whether the instruction stating a permissive inference the jury "may accept or reject" about his intent to distribute marijuana fairly and accurately reflected applicable law; and (2) whether he could facially challenge K.S.A. 2020 Supp. 21-5705(e), which provides a rebuttable presumption for a defendant's possession with intent to distribute when that defendant is found to possess specific quantities of a controlled substance. We find no reversible error on the first question and do not reach the second's merits, so we affirm the convictions.

2

But we also recognize the district court followed PIK Crim. 4th 57.022 (2013 Supp.), which recites a permissive inference to be drawn from the evidence in drafting the instruction given, rather than the statutorily specified rebuttable presumption in K.S.A. 2020 Supp. 21-5705(e). This makes the instruction given legally inappropriate, as an instruction on the statutory presumption, because it does not align with the statute. See *State v. Plummer*, 295 Kan. 156, 161, 283 P.3d 202 (2012) ("[A]n instruction must always fairly and accurately state the applicable law, and an instruction that does not do so would be legally infirm."). And as an instruction on permissive inference, the instruction as given also was legally inappropriate because the 450-gram threshold taken from K.S.A. 2020 Supp. 21-5705(e) lacked any evidentiary context to explain why that specific amount supported the inference. Nevertheless, the jury instruction given played to Holder's benefit as measured against the existing statute, and therefore based on the evidence we hold the jury would have reached the same verdict without the instructional error.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, South Hutchinson police officer Jake Graber saw two vehicles driving close together and speeding. He stopped one, but the other got away. Graber radioed for assistance to stop that car. Graber identified Holder from an Arizona driver's license as the driver he pulled over. Holder denied traveling with the other vehicle. Graber conducted a field sobriety test after Holder admitted to smoking marijuana before leaving Arizona. He passed the test and was allowed to go after Graber gave him a speeding ticket.

Meanwhile, assisting officers stopped the other car and identified its driver as Alyssa Holler, who was also from Arizona. Officer Graber arrived and asked if she was traveling with Holder, which she denied. She allowed officers to search the car, where

3

they found some 44 pounds of marijuana, but no paraphernalia. Officers detained Holler, who eventually admitted travelling with Holder. A KBI lab confirmed two packages taken from the car contained marijuana and weighed more than 600 grams.

Holder was arrested in Arizona and charged in Kansas with possession of at least 450 grams of marijuana with intent to distribute and conspiracy to distribute. See K.S.A. 2020 Supp. 21-5705(a)(4), (d)(2)(C); K.S.A. 2020 Supp. 21-5302(a) (conspiracy). Holler testified for the prosecution. She said she knew Holder from work in Arizona, that he developed the plan to deliver marijuana from Arizona to Indiana in a rental car, and that he gave her money for the car. She said they texted and called each other during the trip. The State supported her testimony with call and text logs. Holder did not testify.

The district court gave a jury instruction based on PIK Crim. 4th 57.022 for a permissive inference that could be drawn from the evidence. It stated:

> "If you find the defendant possessed 450 grams or more of marijuana, you may infer that the defendant possessed with the intent to distribute. You may consider this inference along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden of proving the intent of the defendant. The burden never shifts to the defendant."

The same instruction defined "possession" to mean "having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

The district court also instructed the jury that:

"It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use common knowledge and experience in regard to the matter about which a witness has testified."

And the court instructed:

"The State has the burden to prove Dominic Holder is guilty. Dominic Holder is not required to prove he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty.

"The test you must use in determining whether Dominic Holder is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find Dominic Holder not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find Dominic Holder guilty."

The jury found Holder guilty of both possession of marijuana with intent to distribute and conspiracy to distribute. The district court sentenced him to 98 months' imprisonment with 36 months' postrelease supervision. He appealed, and the panel affirmed. *Holder*, 2020 WL 6108359, at *1.

Holder petitioned this court for review of the panel's decisions. We granted review on two issues: (1) whether the permissive inference instruction fairly and accurately reflected applicable law; and (2) whether he could facially challenge the rebuttable presumption of intent found in K.S.A. 2020 Supp. 21-5705(e). We declined review of his other five claims, which settled them against Holder as determined by the panel. See Kansas Supreme Court Rule 8.03(g)-(h), (k) (2021 Kan. S. Ct. R. 54).

Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

Presumptions in this context operate when one fact's existence is allowed to follow from proof of another fact. K.S.A. 60-413 provides, "A presumption is an assumption of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established in the action."

But our criminal law recognizes an analytical hostility with the Due Process Clause when an adverse presumption in a jury instruction is seen as relieving or reallocating the prosecution's burden to prove all elements of an offense beyond a reasonable doubt. See *Sandstrom v. Montana*, 442 U.S. 510, 521, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979) (evidentiary presumption that a person intends the ordinary consequences of his voluntary acts cannot relieve the State of its burden to prove the essential elements of a crime).

In *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 156, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979), the United States Supreme Court noted, "Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime—that is, an 'ultimate' or 'elemental' fact—from the existence of one or more 'evidentiary' or 'basic' facts." In so doing, the Court clarified:

> "The value of these evidentiary devices, and their validity under the Due Process Clause,
> vary from case to case, however, depending on the strength of the connection between the

6

particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently. *Nonetheless, in criminal cases, the ultimate test of any device's constitutional validity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt*." (Emphasis added.) 442 U.S. at 156.

Our first consideration here is deciding whether the permissive inference instruction given to Holder's jury fairly and accurately reflects K.S.A. 2020 Supp. 21-5705(e). See *State v. Owens*, 314 Kan. 210, 235, 496 P.3d 902 (2021) (setting out multi-step standard of review for claims of jury instruction error; at one step, court applies unlimited review to determine if instruction was legally appropriate). We believe it does not.

Consider first the pattern instruction used by the district court to draft Holder's jury instruction. It provides a fill-in-the-blank inference the jury "may accept or reject." The pattern instruction states:

"If you find the defendant possessed (450 grams or more of marijuana) (3.5 grams or more of heroin) (3.5 grams or more of methamphetamine) (100 dosage units or more containing *insert name of controlled substance*) (100 grams or more of *insert name of any other controlled substance*), you may infer that the defendant possessed with intent to distribute. You may consider the inference along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden of proving the intent of the defendant. This burden never shifts to the defendant." PIK Crim. 4th 57.022.

The pattern instruction cites K.S.A. 2020 Supp. 21-5705(e) as its legal authority. That statute sets out various offenses and punishments for unlawful cultivation or distribution of controlled substances dependent on the substance and quantities involved.

7

Subsection (e)(1), the statutory presumption language applicable to Holder's case, provides in pertinent part: "[T]here *shall be a rebuttable presumption* of an intent to distribute if any person possesses . . . 450 grams or more of marijuana." (Emphasis added.) Other provisions within subsection (e) apply a rebuttable presumption of an intent to distribute for possession of other controlled substances depending on the amount possessed: 3.5 grams or more of heroin or methamphetamine, 100 dosage units or more containing a controlled substance, or 100 grams or more of any other controlled substance. See K.S.A. 2020 Supp. 21-5705(e)(2), (3), and (4).

To consider whether the statute's rebuttable presumption of intent to distribute is fairly and accurately reflected by PIK Crim. 4th 57.022's permissive inference that the jury "may accept or reject" requires some brief background. The *Allen* Court suggested the various presumptions stated in the law can be understood as a continuum. At one end, there is an "entirely permissive inference or presumption" that allows, but does not require, a jury "to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant." 442 U.S. at 157. At the other end, there is a "mandatory presumption" that "may affect not only the strength of the 'no reasonable doubt' burden but also the placement of that burden." 442 U.S. at 157.

The Court refined the markers along this continuum in *Francis v. Franklin,* 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985). The *Francis* Court defined a "mandatory presumption" as one that "instructs the jury that it must infer the presumed fact if the State proves certain predicate facts." 471 U.S. at 314. Then, it sought to separate mandatory presumptions into two camps, either conclusive or rebuttable, explaining:

"A conclusive presumption removes the presumed element from the case once the State has proved the predicate facts giving rise to the presumption. A rebuttable presumption

8

does not remove the presumed element from the case but nevertheless requires the jury to find the presumed element *unless the defendant persuades the jury that such a finding is unwarranted*." (Emphasis added.) 471 U.S. at 314 n.2.

The Court defined a "permissive inference" as one suggesting to the jury "a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." 471 U.S. at 314. Our court adopted these definitions in *State v. Harkness*, 252 Kan. 510, Syl. ¶¶ 12-14, 847 P.2d 1191 (1993), altering the terminology slightly. We limited use of the term "mandatory presumption" to those described by the United States Supreme Court as "conclusive presumptions." Rebuttable presumptions were given their own category. In other words, in Kansas we differentiate the terms as follows:

"A presumption may be either mandatory or rebuttable. A mandatory presumption removes the presumed element from the case because the State has proven the predicate facts giving rise to the presumption. That is, once the State proves certain facts, a jury must infer [the element] from such facts and the accused cannot rebut the inferences.

"A rebuttable presumption does not remove the presumed element from the case but nevertheless requires the jury to find the presumed element unless the accused persuades the jury otherwise. That is, once the State proves certain facts, the jury must infer [the element] from those facts, unless the accused proves otherwise. . . .

"An instruction containing a permissive inference does not relieve the State of its burden because it still requires the State to convince the jury that an element, such as intent, should be inferred based on the facts proven." *Harkness*, 252 Kan. 510, Syl. ¶¶ 12-14.

These definitions tell us Holder has a point when he complains about the apparent discrepancy between the permissive inference instruction given in his case and K.S.A.

9

2020 Supp. 21-5705(e)(1)'s rebuttable presumption of an intent to distribute if any person possesses 450 grams or more of marijuana. Applying the definitions adopted in *Harkness*, the statutory rebuttable presumption means that once the State proved possession of 450 grams or more of marijuana, the jury must infer Holder's intent to distribute unless he proved otherwise. This suggests some burden shifting, although the operative impact in a given case would depend on the jury instructions as a whole. See *State v. Wimbley*, 313 Kan. 1029, 1039, 493 P.3d 951 (2021) (when addressing a challenged instruction's legal appropriateness, an appellate court does not view the instruction's language in isolation but considers all the jury instructions as a whole).

The panel correctly noted the instruction given to the jury "conforms to the instruction required under PIK Crim. 4th 57.020 . . . ." *Holder*, 2020 WL 6108359, at *6. But that misses the point because it ignores what K.S.A. 2020 Supp. 21-5705(e) specifies. And our law is clear that "an instruction must always fairly and accurately state the applicable law, and an instruction that does not do so would be legally infirm." *Plummer*, 295 Kan. at 161.

A rebuttable presumption has a different legal effect than a permissive inference. *Harkness*, 252 Kan. 510, Syl. ¶¶ 13-14. This means that even if we consider the jury instructions as a whole, we cannot hold they fairly and accurately reflect the applicable law specified by K.S.A. 2020 Supp. 21-5705(e), when measured narrowly against that statute.

But aside from that, we also should consider more broadly whether the instruction—framed as it was as a permissive inference—was nevertheless legally appropriate. To do this, we view the instructions as a whole to determine "'whether it is reasonable to conclude that they could have misled the jury.'" *Wimbley*, 313 Kan. at 1035 (quoting *State v. Liles*, 313 Kan. 772, 780, 490 P.3d 1206 [2021]). Instructions fail their

purpose if they omit words that may be considered essential to providing the jury with a clear statement of the law. *State v. Andrew*, 301 Kan. 36, 42-43, 340 P.3d 476 (2014).

In general, a jury may infer intent from "'acts, circumstances, and inferences reasonably deducible therefrom.'" *State v. Ross*, 310 Kan. 216, 224, 445 P.3d 726 (2019) (quoting *State v. Barnes*, 293 Kan. 240, 264, 262 P.3d 297 [2011]). In this context, a defendant's possession of a large quantity of narcotics certainly may support an inference that the defendant intended to distribute the narcotic. See 1 Jones on Evidence § 5:42 (7th ed.). But here the instructed permissive inference was not only unmoored from any statutory basis, its 450-gram threshold had no connection to the evidence. Said differently, the jury was simply told out of left field that Holder's possession of "more than 450 grams" of marijuana could support an intent-to-distribute inference—even though the evidence showed a much larger quantity and no other evidence explained why a 450-gram threshold to trigger this permissive inference was important to anything about the case.

We apply a clear error standard to the question of harm because this instructional error claim was not properly preserved in the district court. See K.S.A. 2020 Supp. 22-3414(3) (unpreserved instructional error is reviewed for clear error); *State v. Gentry*, 310 Kan. 715, 721, 449 P.3d 429 (2019) (Under clear error standard, appellate court must decide whether it is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred, and the burden to establish clear error is on defendant.). So even if the statute providing for a rebuttable presumption would have imposed on Holder some burden of production, the permissive instruction given at his trial did not. And the permissive inference instruction given did not relieve the State of its burden of proof.

11

Holder argues the jury would not have convicted him of the charged crimes had the instructional error not occurred. We disagree. In his brief to the panel, he claimed:

"Holder was caught with nothing while Holler was caught with everything. Holler was scared of prison, so she told her story about Holder. No one but Holler and the erroneous presumption of intent instruction provided any support for the intent element of distribution. And [by] removing this instruction, all that is left is Holler."

This contention fails to consider the entire trial record. Holler's credibility was a jury question. She testified Holder hatched the plan, that he fronted the money for the car, and that the two of them worked together to deliver the marijuana from Arizona to Indiana. She said they texted and called each other throughout their trip, and the State provided corroborating text and phone logs. And when officers searched Holler's car, they discovered 44 pounds of marijuana but no paraphernalia that might suggest at least some personal use. We hold the jury would not have reached a different verdict had the instructional error not occurred.

As to Holder's second claim that the rebuttable presumption in K.S.A. 2020 Supp. 21-5705(e) is unconstitutional on its face, the panel determined Holder lacked standing and therefore declined to address the issue's merits. *Holder*, 2020 WL 6108359, at *5. But we need not address the standing or merits questions—or even the fact Holder raised this claim for the first time on appeal—because in Holder's prosecution any constitutional defect in that subsection of the statute was harmless.

This is because the statutory presumption was not applied to him at trial. So even if we concluded Holder has standing to raise this claim, and also decided K.S.A. 2020 Supp. 21-5705(e)'s rebuttable presumption could not be constitutionally applied in a criminal trial, Holder still could claim no prejudice—for much the same reason it could

12

be said he lacks standing. Plus, even assuming subsection (e) were stricken as unconstitutional, the crime itself is defined in subsection (a)(4), so his conviction would remain intact.

We hold any statutory defect was harmless in Holder's case beyond a reasonable doubt. See *State v. Kleypas*, 305 Kan. 224, 257, 382 P.3d 373 (2016) (stating the constitutional harmless error standard is defined in *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 [1967], under which standard, appellate courts "must be convinced beyond a reasonable doubt that the error complained of did not affect the outcome of the trial in light of the entire record—that is, that there is no reasonable possibility the error affected the jury's verdict of guilt"); see, e.g., *Carella v. California*, 491 U.S. 263, 266-67, 109 S. Ct. 2419, 105 L. Ed. 2d 218 (1989) (holding jury instructions on statutory, mandatory presumptions violated due process; remanding to lower court to determine whether error instructing on the presumption was nevertheless harmless).

Affirmed.