NOT DESIGNATED FOR PUBLICATION

No. 127,812

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMBER ARCADIA COLON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Oral argument held May 20, 2025. Opinion filed March 6, 2026. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., ISHERWOOD and PICKERING, JJ.

PICKERING, J.:  Amber Arcadia Colon appeals her convictions for possession of cocaine and possession of drug paraphernalia. During a vehicle search, a sheriff's deputy found a glass pipe containing cocaine residue in Colon's purse. On appeal, Colon raises several arguments—including lack of subject matter jurisdiction, insufficiency of the evidence, and instructional error—centered on her primary claim that K.S.A. 21-5706(a) does not criminalize cocaine possession. She also claims the district court erred in omitting an essential element from the jury instruction on possession of drug paraphernalia and in instructing the jury on reckless possession of cocaine and drug paraphernalia. Finally, Colon contends that cumulative errors deprived her of a fair trial.

1

After reviewing the record, we disagree with Colon's contention that K.S.A. 21-5706(a) does not criminalize cocaine possession. And, although the district court erred in omitting "in violation of this act" from the drug paraphernalia instruction and in instructing on reckless possession, these errors were not clearly erroneous. Because the only errors are unpreserved instructional errors, we find that cumulative error does not apply to this case. We, therefore, affirm Colon's convictions.

FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2021, Colon was driving when she was stopped by Geary County Sheriff's Deputy Kevin Albrecht. Noticing that Colon's passenger was holding an open container of alcohol, the deputy conducted a car search. During the car search, Albrecht observed a purse between the two front seats in the center console area. His search of the purse uncovered a glass pipe that contained white residue, which later tested positive for cocaine.

Colon admitted it was her purse but said the pipe was not hers. She told Albrecht she left her purse at a party unattended the previous night and suggested somebody at the party had put the pipe in her purse. The pipe was located inside a side pocket of the purse wrapped in a paper towel. The paper towel had traces of lipstick on it, which Albrecht believed matched the color that Colon was wearing. There were other items in the purse that belonged to Colon, including her wallet and a document with her name and address on it.

The State charged Colon with possession of a controlled substance—cocaine—in violation of K.S.A. 21-5706(a), and possession of drug paraphernalia—the glass pipe—in violation of K.S.A. 21-5709(b)(2).

The jury convicted Colon as charged. She was sentenced to 11 months in prison with 18 months' probation granted. This appeal followed.

ANALYSIS

I.     *The District Court Had Subject Matter Jurisdiction*

*Standard of Review*

Whether jurisdiction exists "is a question of law, subject to unlimited appellate review." *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022). Similarly, statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

*Discussion*

Colon first argues that the statute under which she was convicted—K.S.A. 21-5706(a)—does not criminalize cocaine possession, as cocaine is not listed as a "narcotic drug" subject to K.S.A. 21-5706(a). Therefore, she contends cocaine possession is a "nonexistent crime" over which Kansas courts lack subject matter jurisdiction. Alternatively, Colon claims that even if cocaine possession is a crime, the State failed to properly charge her with this crime.

The State disagrees, arguing that, while the definition of narcotic drug in K.S.A. 2020 Supp. 21-5701(l)(4) does not explicitly list cocaine, the statute encompasses cocaine by including any "derivative or preparation of coca leaves" and by excluding "extractions of coca leaves that do not contain cocaine . . . ."

Kansas courts derive subject matter jurisdiction in criminal cases from the Kansas Constitution rather than from the charging document. *State v. Dunn*, 304 Kan. 773, Syl. ¶ 1, 375 P.3d 332 (2016). As stated in Article 3, § 6(b) of the Kansas Constitution: "The district courts shall have such jurisdiction . . . as may be provided by law." District courts have jurisdiction to try criminal cases arising under Kansas statutes. K.S.A. 22-2601.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained.

> "An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

The State charged Colon under K.S.A. 21-5706(a). That statute provides:  "It shall be unlawful for any person to possess any opiates, opium or narcotic drugs, or any stimulant designated in K.S.A. 65-4107(d)(1), (d)(3) or (f)(1), and amendments thereto, or a controlled substance analog thereof."

K.S.A. 2020 Supp. 65-4107 outlines the schedule II controlled substances in Kansas. The stimulants listed in K.S.A. 2020 Supp. 65-4107(d)(1), (d)(3), and (f)(1) include amphetamine, methamphetamine, and any "[i]mmediate precursor to amphetamine and methamphetamine," respectively. We agree with Colon that these stimulants do not include cocaine. The State does not dispute this, and, as Colon points out, K.S.A. 2020 Supp. 65-4107(b)(5) separately lists cocaine as a controlled substance. Thus, the remaining question before us is whether K.S.A. 21-5706(a) encompasses cocaine in its prohibition on possessing "any opiates, opium or narcotic drugs."

4

K.S.A. 21-5706(a) does not contain a definition of "narcotic drugs." However, K.S.A. 2020 Supp. 21-5701(l)(4), defines "narcotic drugs" as, in relevant part:

> "coca leaves and any salt, compound, derivative or preparation of coca leaves and any salt, compound, isomer, derivative or preparation thereof that is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions of coca leaves that do not contain cocaine or ecgonine."

This definition does not explicitly mention cocaine as a narcotic drug. In Colon's view, that omission must mean that cocaine is not a narcotic drug criminalized by K.S.A. 21-5706(a). In support of this interpretation, Colon notes that K.S.A. 2020 Supp. 21-5701(l)(4) draws from similar language in K.S.A. 2020 Supp. 65-4107(b)(4), designating "[c]oca leaves (9040) and any salt, compound, derivative or preparation of coca leaves" as a controlled substance. The next subsection, K.S.A. 2020 Supp. 65-4107(b)(5), specifically lists cocaine as a controlled substance. Colon contends that because cocaine is listed as a separate controlled substance from "coca leaves" and "any salt, compound, derivative or preparation of coca leaves," those terms must not encompass cocaine. Following this line of thought, since K.S.A. 2020 Supp. 21-5107(l)(4) does not specifically define cocaine as a narcotic drug, cocaine possession would not be illegal under K.S.A. 21-5707(a).

Another panel of this court addressed this same statutory interpretation dispute in *State v. Hermerding*, 5 Kan. App. 2d 797, 626 P.2d 210 (1981). Hermerding was charged with possession of a narcotic drug, specifically cocaine. As here, the relevant statutory definition of a narcotic drug was "'coca leaves and any salt, compound, derivative or preparation of coca leaves,'" then codified at K.S.A. 65-4101(p)(4). 5 Kan. App. 2d at 797-98. The panel held cocaine was a narcotic drug within that definition as a matter of law. 5 Kan. App. 2d at 798.

5

Later, in *State v. Fulton*, 269 Kan. 835, 849-50, 9 P.3d 18 (2000), our Supreme Court looked to the same definition of narcotic drugs at issue here: "'coca leaves and any salt, compound, derivative or preparation . . . thereof which is chemically equivalent or identical with any of these substances.' K.S.A. 1999 Supp. 65-4101a(p)(4)." The court concluded cocaine fell under that definition. 269 Kan. at 849-50.

Colon insists that we must overturn *Fulton* as being "clearly erroneous." But we are duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). We detect no sign that the Supreme Court is departing from *Fulton*. Furthermore, our conclusion is bolstered by the fact that Kansas is not alone in interpreting similar statutory language to include cocaine. See *State v. McMinn*, 197 N.J. Super. 621, 625, 485 A.2d 1072 (1984) (affirming ruling that statute excluding decocainized coca leaves from definition of narcotic drug means cocaine is a narcotic drug); N.J. Stat. Ann. § 24:21-2(2)-(3) (defining narcotic drug as a "compound, manufacture, salt, derivative, or preparation of opium, coca leaves, or opiates" while excluding "decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine").

Because we find that cocaine is a narcotic drug as defined in K.S.A. 2020 Supp. 21-5701(l)(4), we thus conclude that the State correctly charged Colon with violating K.S.A. 21-5706(a), and the district court had subject matter jurisdiction over the charged offense.

6

II.     *The Jury Instructions on Possession of Cocaine, Possession of Drug Paraphernalia, and Reckless Mental State for Possession Were Not Clearly Erroneous*

*Standard of Review*

We review instructional error claims using a three-step process:  "'We must first decide whether the issue has been preserved. Second, we analyze whether an error occurred. This requires a determination of whether the instruction was legally and factually appropriate. We exercise unlimited review of those questions. Next, if we find error, we conduct a "reversibility inquiry."'" *State v. Buck-Schrag*, 312 Kan. 540, 550, 477 P.3d 1013 (2020).

A.      *Jury instruction for possession of cocaine*

Colon argues the jury instruction allowing the jury to convict for cocaine possession was clearly erroneous. Specifically, she takes issue with the instruction language allowing the jury to convict if it found Colon "'possessed cocaine.'" Colon claims "'possessed cocaine'" does not appear in any criminal statute, and the instruction thus failed to follow the language of the relevant statutes—K.S.A. 21-5706(a) and K.S.A. 2020 Supp. 21-5701(l)(4). She believes the instruction was clearly erroneous because there was no evidence that she possessed coca leaves or any salt, compound, derivative or preparation of coca leaves as defined in K.S.A. 2020 Supp. 21-5701(l)(4).

The State responds that the instruction was appropriate because K.S.A. 21-5706(a) and K.S.A. 2020 Supp. 21-5701(l)(4) encompass cocaine as a narcotic drug.

Colon did not object to the jury instructions at issue here. When the defendant did not object to the giving or failure to give a jury instruction, any error is reversible only if it is clearly erroneous. K.S.A. 22-3414(3); *State v. Potts*, 304 Kan. 687, 701-02, 374 P.3d 639 (2016). Clear error means the appellate court is "firmly convinced the jury would have reached a different verdict had the instructional error not occurred." *State v. Berkstresser*, 316 Kan. 597, 605, 520 P.3d 718 (2022). Colon bears the burden to show clear error. See 316 Kan. at 605.

To be legally appropriate, the jury instructions must fairly and accurately state the applicable law. Appellate courts view the instructions as a whole to determine whether they could have reasonably misled the jury. The instructions cannot omit words that are "essential to providing the jury with a clear statement of the law." *State v. Holder*, 314 Kan. 799, 806, 502 P.3d 1039 (2022).

Jury instruction No. 9 defined the elements of possession of a controlled substance:

> "The defendant is charged in count one with unlawful possession of a controlled substance, Cocaine. . . .
> To establish this charge, each of the following claims must be proved:
> 1.  The defendant *possessed Cocaine*.
> 2.  That this act occurred on or about the 12th day of April 2021, in Geary County, Kansas." (Emphasis added.)

As outlined in the previous section, cocaine is a narcotic drug as defined in K.S.A. 2020 Supp. 21-5701(l)(4). Therefore, cocaine possession is illegal under K.S.A. 21-5706(a), and Colon's contention that jury instruction No. 9 instructed the jury on a nonexistent crime is unpersuasive.

Likewise, Colon's claim that the instruction improperly used "possessed Cocaine" rather than the specific language of K.S.A. 2020 Supp. 21-5701(l)(4) falls short. Another panel of this court addressed a similar question in *State v. Caldwell*, No. 124,476, 2022 WL 17174569 (Kan. App. 2022) (unpublished opinion). Caldwell was convicted under K.S.A. 2018 Supp. 21-5706(a) for possessing hydrocodone and morphine. On appeal, he asserted the jury instructions, which required the jury to find he "'possessed Hydrocodone" and "'possessed Morphine,'" were inconsistent with K.S.A. 2018 Supp. 21-5706(a) because they omitted "opiates, opium or narcotic drugs." 2022 WL 17174569, at *11. The *Caldwell* panel found that, because the State showed hydrocodone and morphine were narcotics, the instruction was proper. Additionally, the panel concluded that the jury would not have returned a different verdict if the instructions had used "'opiates, opium or narcotic drugs.'" 2022 WL 17174569, at *11.

Similarly, here, because cocaine is a narcotic drug subject to K.S.A. 21-5706(a), the instruction properly stated the law when it required the jury to find Colon possessed cocaine. In any case, because cocaine is a "salt, compound, derivative or preparation of coca leaves" as outlined in K.S.A. 2020 Supp. 21-5701(l)(4), we are not firmly convinced that the jury would have returned a different verdict if the instruction had instead used the specific language in K.S.A. 2020 Supp. 21-5701(l)(4).

B. *Jury instructions on possession of drug paraphernalia*

Colon asserts the jury instructions on possession of drug paraphernalia omitted the phrase "a controlled substance and in violation of this act" as set out in the definition of drug paraphernalia in K.S.A. 2020 Supp. 21-5701(f). Colon suggests that, by omitting this language, the instructions failed to accurately state the law because "in violation of this act" is an essential element of possession of drug paraphernalia. She believes this amounted to clear error because there was no evidence that she possessed the pipe in violation of the act.

9

The State concedes that the district court erred in its jury instruction defining drug paraphernalia since the instruction did not exclude controlled substances that are legal to possess. However, the State contends this was not clear error because the only evidence of a controlled substance concerned cocaine, and there is no legal way to possess cocaine in Kansas. We agree with the parties that these instructions were erroneous. The district court did not include the name of the controlled substance at issue—as the Pattern Instructions for Kansas (PIK) Crim. 4th 57.100 (2023 Supp.) suggests should be done—and the instructions thus encompassed drug paraphernalia for both legally and illegally possessed controlled substances.

As with Colon's first instructional error challenge, she did not object to the jury instructions on drug paraphernalia, meaning any error is reversible only if it is clearly erroneous. K.S.A. 22-3414(3); *Potts*, 304 Kan. at 701-02. We must be "firmly convinced the jury would have reached a different verdict had the instructional error not occurred." *Berkstresser*, 316 Kan. at 605.

But Colon fails to show that these instructions were clearly erroneous. At trial, Albrecht testified the pipe had a Brillo piece inside, which is common with smoking cocaine, and that certain narcotics have certain paraphernalia associated with them. Based on his training and experience, he believed the pipe in Colon's purse was used to smoke cocaine. A forensic scientist for the Kansas Bureau of Investigation testified the glass pipe tested positive for cocaine. Thus, as the State suggests, the evidence pointed to only one controlled substance—cocaine. There is no legal way to possess cocaine in Kansas. Therefore, we are not firmly convinced that the jury would have delivered a different verdict had this instructional error not occurred.

10

C.      *Jury instructions including the reckless mental state for possession of cocaine and possession of drug paraphernalia*

Colon contends the jury instructions were legally inappropriate because they allowed the jury to convict her for reckless possession of cocaine and drug paraphernalia. But it is not against the law to recklessly possess drugs or drug paraphernalia. She argues it was clear error because her defense was that she did not know that the pipe and cocaine were in her purse. And the State expressly told the jury in closing arguments that it could convict Colon of reckless possession.

The State acknowledges the jury instructions were legally inappropriate by including reckless possession. But the State argues the instructions were not clearly erroneous because recklessness requires that one "disregards a substantial and unjustifiable risk." The State reasons that if the jury had believed Colon, they would not have found she disregarded a substantial and unjustifiable risk merely by leaving her purse at a party. Instead, the jury would have found her not guilty. The State submits that the instructional error was cured by the court giving one legally appropriate instruction defining "possession." And the State argues the evidence was overwhelming that Colon knowingly possessed the pipe and cocaine.

Again, Colon did not object to the jury instructions at issue here, so we review whether the instructions were clearly erroneous. See K.S.A. 22-3414(3); *Potts*, 304 Kan. at 701-02. Clear error applies if we are "firmly convinced the jury would have reached a different verdict had the instructional error not occurred." *Berkstresser*, 316 Kan. at 605. Colon still bears the burden of showing that, without these errors, the jury would have returned a different verdict. See 316 Kan. at 605.

11

Colon contends her defense at trial was that she recklessly possessed the cocaine and drug paraphernalia. Accordingly, she believes the jury would have found her not guilty if the district court had not allowed the jury to consider reckless possession.

The State disputes Colon's characterization of her trial defense. In the State's view, if the jury believed Colon's defense that she did not know the pipe and cocaine were in her purse, it would not have found that Colon had disregarded a substantial and unjustifiable risk, as recklessness requires. Instead, if the jury believed Colon, it would have found her not guilty notwithstanding the instructional errors.

At least one panel of this court has adopted reasoning similar to the State's—that Colon would have to know of the pipe and cocaine's presence in order to consciously disregard a substantial and unjustifiable risk of possessing them. See *State v. Phillips*, No. 125,079, 2024 WL 3874064, at *7 (Kan. App.) (unpublished opinion) (concluding jury would have to find defendant knew of phones in his cell to find he consciously disregarded risk of punishment for possessing phones), *rev. denied* 319 Kan. 836 (2024).

Here, the prosecutor did not help matters when she told the jury the State did not have to prove Colon "knew what [the pipe] was, knew where it was at, knew everything intentionally." Even so, the district court instructed the jury that, to find recklessness, it had to find Colon consciously disregarded a substantial and unjustifiable risk. If the jury accepted Colon's defense, it is not clear what substantial and unjustifiable risk Colon would have consciously disregarded. Colon did not claim she was aware of the pipe or that she consciously left her purse at a party either knowing or suspecting that drugs were present. Nor was there evidence of prior occasions where other people put drugs or drug paraphernalia in her purse. See *State v. Albright*, No. 125,866, 2024 WL 1827294, at *5 (Kan. App.) (unpublished opinion) (finding jury could have convicted defendant of recklessly possessing pistol where defendant believed other resident may have obtained

12

gun but defendant never inspected apartment to confirm), *rev. denied* 319 Kan. 834 (2024).

Colon admitted she owned the purse containing the pipe and cocaine. But she claimed the pipe and cocaine were not hers. Colon testified at trial that she had left the purse at a party the night before the traffic stop. After picking up her purse, she only checked to see if her wallet was in there and did not check for other items. Colon testified that she does not buy drugs, but she has partied and struggles with memory loss.

But there was ample evidence for the jury to conclude Colon possessed cocaine knowingly and possessed the pipe intentionally. Albrecht found the pipe underneath other items in Colon's purse, wrapped in a paper towel containing the same color of lipstick Colon was wearing. He also found other items in the purse belonging to Colon, including a document containing her name and address. Considering this evidence, we are not firmly convinced that the jury would have returned a different verdict absent the instructional errors. See *State v. Delaughter*, No. 96,958, 2008 WL 440682, at *4 (Kan. App. 2008) (unpublished opinion) (finding no clear error in failure to issue limiting instruction where police found cocaine residue, drug paraphernalia, and documents identifying defendant in defendant's purse).

Furthermore, this case entailed a credibility determination of Colon's claim that she did not know the pipe was in her purse. In other cases where a jury verdict may have been based on credibility determinations, our courts have been unable to find clear error. See *State v. Lowe*, 317 Kan. 713, 721, 538 P.3d 1094 (2023); *State v. Conner*, No. 124,576, 2023 WL 2618707, at *6 (Kan. App. 2023) (unpublished opinion).

We also acknowledge that jury instruction No. 11—defining possession—did not allow for reckless possession:

"Possession of a controlled substance requires that the defendant have control over the substance with knowledge of and the intent to have such control. To possess a controlled substance, the defendant must have knowledge of the presence of the controlled substance with the intent to exercise control over it."

While we recognize the district court's erroneous instructions elsewhere, we remain conscious of this instruction in determining whether the jury would have returned a different verdict without the erroneous instructions.

In sum, to find clear error, we must be firmly convinced that jury *would* have returned a different verdict absent the error, not that the jury *could* have done so. "Could" and "would" are not interchangeable. "'[C]ould is used to talk about something that can happen, [and] would is used to talk about something that will happen in an imagined situation.'" See *Berkstresser*, 316 Kan. at 606. The jury instructions here departed from the statutorily defined mental states as well as the guidance in the PIK Notes on Use. See PIK Crim. 4th 52.010 (2022 Supp.). But given the evidence that Colon possessed the pipe intentionally and possessed the cocaine knowingly, combined with the fact that her defense had no evidence of recklessness, we cannot be firmly convinced that the jury would have returned a different verdict if the instructions had correctly omitted recklessness.

III.    *Sufficient Evidence Supports Colon's Conviction for Cocaine Possession*

*Standard of Review*

When an appellant challenges the sufficiency of the evidence in a criminal case, appellate courts "'review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). "This is a high burden, and only when the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt should we reverse a guilty verdict." *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020). "'An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.'" *Aguirre*, 313 Kan. at 209.

*Discussion*

Colon challenges the sufficiency of the evidence on similar grounds as her challenge to the jury instruction on cocaine possession. She claims there was no evidence that she possessed coca leaves or any salt, compound, derivative, or preparation of coca leaves as described in K.S.A. 2020 Supp. 21-5701(l)(4). In Colon's view, the State did not show the cocaine in this case came from coca leaves. Therefore, there was insufficient evidence to support her conviction for possessing a narcotic drug.

The State responds that it was not required to present evidence that cocaine is a narcotic drug. Instead, because cocaine is a narcotic drug as a matter of law, the State believes it only had to prove that Colon possessed cocaine.

K.S.A. 21-5706(a) makes it unlawful to possess "narcotic drugs." The statutory definition of "narcotic drug" included "coca leaves and any salt, compound, derivative or preparation of coca leaves." K.S.A. 2020 Supp. 21-5701(l)(4).

To support her argument that the State failed to show cocaine comes from coca leaves, Colon cites *State v. Wilt*, 273 Kan. 273, 274-78, 44 P.3d 300 (2002), and *State v. Star*, 27 Kan. App. 2d 930, 933-36, 10 P.3d 37 (2000). In those cases, the defendants were charged with selling drugs within 1,000 feet of school property. The defendants disputed whether the property at issue met the statutory definition of school property. On appeal, the Kansas Supreme Court and a panel of our court both held the State needed to present evidence that the property near which the defendants sold drugs met the statutory definition of school property. See *Wilt*, 273 Kan. at 277-78; *Star*, 27 Kan. App. 2d at 936.

Here, the State must prove the substance that Colon possessed met the statutory definition of narcotic drug. But unlike in *Wilt* and *Star*—where whether the property at issue was school property will be different in every case—cocaine will always be a narcotic under K.S.A. 2020 Supp. 21-5107(l)(4). The State must prove the substance the defendant possessed was cocaine. Once that is established, the statutory element is met.

Even if the State had to show that cocaine was a narcotic per K.S.A. 21-5706(a), the State did so here. Albrecht testified cocaine was a "narcotic." A rational fact-finder could have found Colon possessed a narcotic beyond a reasonable doubt.

IV.     *Sufficient Evidence Supported Colon's Conviction for Possession of Drug Paraphernalia*

Colon hinges her sufficiency of the evidence challenge to her drug paraphernalia conviction on her earlier claim that cocaine possession is not a crime. She argues that if

16

cocaine possession is not illegal, the State necessarily failed to prove that she possessed an object used to ingest an illegal controlled substance. See K.S.A. 21-5709(b)(2).

Because we have previously established that cocaine possession is illegal in Kansas and the evidence showed the pipe was used to ingest cocaine, we find this argument unpersuasive.

V.    *Cumulative Error Does Not Apply*

Colon finally argues that the cumulative effect of the instructional errors denied her a fair trial. But she acknowledges our Supreme Court's holding in *State v. Waldschmidt*, 318 Kan. 633, 662, 546 P.3d 716 (2024), that unpreserved instructional issues that are not clearly erroneous may not be aggregated in a cumulative error analysis. Again, we are duty-bound to follow Supreme Court precedent. *Patton*, 315 Kan. at 16. Therefore, because the only errors here are unpreserved instructional errors, cumulative error does not apply.

Affirmed.